## ORAMEL SAWYER v. THE METHODIST EPISCOPAL SOCIETY IN ROYALTON.

Where a number of persons associated themselves together, in pursuance of the statute, for the purpose of erecting a meeting house, and appointed three of their members a building committee, to superintend the erection of the house, it was held, that the mere acceptance of the appointment did not amount to a personal undertaking, on the part of the committee, to build the house, but that the only direct effect was, to constitute the members of the committee agents and representatives of the society, to act upon joint consideration and advice, with power to make all contracts and authorize all expenditures, which the purposes of the agency required; that they

Sawyer v. Meth. Ep. Society in Royalton.

might as effectually bind the society by a contract concluded with one of their own number, as with a stranger; and that, if they so contracted with one of their number, such member might recover, by an action of book account brought in his individual name against the society, any balance, that might be due to him for his services and expenditures.

And where the articles of association, in such case, provided, that the whole expense of the house should be estimated on the whole number of pews, by appraisal, and that the subscribers should bid for their choice of pews, but that the average price of the pews should not exceed a certain sum, it was held, that this could not be construed as limiting the amount to be expended by the building committee in erecting the house, and that a member of the committee might recover for services and expenditures in erecting the building, notwithstanding the whole expense of the house exceeded the amount which the pews would bring at the average price specified,—it not appearing, that the committee had departed from the general plan prescribed for the building.

BOOK ACCOUNT.    Judgment to account was rendered in the county court, and an auditor was appointed, who reported the facts, in substance, as follows.

In March, 1839, the defendants became organized, under the statute of October 26, 1797, for the purpose of building a meeting house, and the members of the association signed written articles, which prescribed the general plan of the house, and provided, that the whole expense of the house, when completed, should be estimated on the whole number of pews in the house, by the appraisal of men appointed for that purpose by the subscribers, and each subscriber should obtain his or her pew by choice, and that the average price of the pews should not exceed thirty dollars.    The articles of association also provided for the appointment of a building committee, to superintend the building of the house.    Subsequently John Marshall, Oliver Curtis and the plaintiff were, by vote, appointed the building committee; and the account presented by the plaintiff was for expenses, disbursements and services, rendered by him in the erection of the house, pursuant to the articles of association.    It appeared, that Marshall acted as one of the committee, but did little in the business, and that Curtis also acted on the committee, and made large expenditures.    The whole expense of building the house was $1943,12, and the whole number of pews in the house was fifty two.    It also appeared, that

the plaintiff was the principal member of the committee, in procuring the materials for the building, and was often called upon by his associates to render services, and that most of the services charged in his account were rendered with the knowledge and at the request of the other members of the committee. The auditor reported, that there was due to the plaintiff a balance of forty four dollars and sixty cents.

The defendants filed exceptions to the report of the auditor, assigning, as objections, that the plaintiff was not entitled to recover in his name alone for his account, and that, if the plaintiff could sue in his own name, without joining the other members of the committee as plaintiffs, he could not recover, for the reason that he, and the other members of the committee, had exceeded their authority, in building a more expensive house than was authorized by the articles of association.

The county court,—HEBARD, J., presiding,—accepted the report of the auditor and rendered judgment for the plaintiff. Exceptions by defendants.

*J. S. Marcy* for defendants.

1. The auditor's report shows, that Marshall, Curtis and Sawyer were appointed a *committee* to build a house under the articles of association. The appointment of these men a committee by the society, and the acceptance of the trust by them, by acting under it, or otherwise, constituted a contract, to which the society was one party and the committee the *other* party. This contract can have but *two* parties, and, consequently, all authority conferred and all obligation created by it, or growing out of it, is upon one or the other of the *two* parties. The intention of the parties obviously was, that the entire committee should be held accountable for the faithful execution of the trust ; and to carry out this intention it is indispensable, that the responsibility of the committee should be joint, that their accountability to the society should be joint, that all liability, incurred on the part of the society to their *agent*, relative to this concern, is to the whole committee and not to any one or two of them. Trustees are but one person in law and must join in a suit concerning their trust. *Skinner* v. *Aiken,* 4 Pick. 283. *Wright v. Post,* 3 Conn. 142. 1 Chit. Pl. 3–5.

The amount, upon which the present action is predicated, relates, almost exclusively, to *the funds furnished by the society* and committed to the disposal of the committee. It details the receipt and expenditures of the funds; and in legal estimation the funds were received and the expenditures conducted by the *agent;* and, consequently, all three, *as one,* are interested, in point of law, and in fact, in the account (relative thereto) to be adjusted, as well as in the *adjustment* of the account.

2. The committee transcended the authority conferred by the articles in the amount expended. The effect of the articles of association was to restrict the committee to the sum of $1560, as the *maximum* amount of expense. This was, beyond doubt, the intention; there could have been no other object in averaging " the whole amount of expense " on the whole number of pews.

*Tracy & Converse* for plaintiff.

1. The plaintiff properly brought the suit in his own name, and the action is well sustained by the facts in the case. This case is almost identical with that of *Geer* v. *School District in Richmond,* 6 Vt. 76, and the principle settled in that case must be conclusive in this case. 1 Chit. Pl. 3–5.

2. The case shows, that the committee were appointed to erect a meeting house *under the articles* of association, and that the plaintiff's account was for expenses, disbursements and services rendered by him, in the erection of the house, "*pursuant to said articles.*" It is not pretended, but that the committee conformed, in every particular, to their instructions, so far as related to the form and description of the house, or that they *did not erect it as cheap* as such a house could possibly be built, but it is objected, that the aggregate cost exceeds the price of fifty two pews at thirty dollars per pew. To this objection we answer; 1. The third article was only intended to limit the price of pews to such subscribers as might want them, but was not intended to limit the aggregate expense of the house. The kind of house to be built had already been prescribed by the first article. 2. To adopt the construction, contended for by the defendants, would lead to the result, that the committee were bound to erect a house of the prescribed model, and, in doing so, necessarily expended two thousand dollars but could receive only

fifteen hundred dollars for it. Such could not have been the intention of the parties, and such intention, as gathered from the whole instrument, is to be the rule of construction. 1 Com. on Cont. 27. Lyman v. Clark et al., 9 Mass. 255. Royalton v. R. & W. Turn. Co., 14 Vt. 311.

The opinion of the court was delivered by

Royce, J. Two objections are taken to the plaintiff's right of recovery. 1. That the action should have been brought in the names of all the members of the committee. 2. That the committee exceeded their authority in reference to the expense of the house, and therefore that the defendants are not liable at all for the balance now claimed.

The first objection goes upon the ground, that the committee assumed a joint obligation, as composing one party to a contract; and hence that any claim against the defendants, arising in the execution of that contract, must be a joint claim. But the mere acceptance of the appointment, to act as a building committee, did not amount to a personal undertaking to build the house. The only direct effect of the appointment and acceptance was, to constitute the members of the committee agents and representatives of the society, to act upon joint consideration and advice, under an implied obligation to discharge the duties incident to the agency. And whether the obligation thus implied would, to every purpose, be a joint obligation, we have no occasion at present to decide. As agents, acting thus collectively, they had legal power to make all contracts, and to authorise all expenditures, which the purposes of the agency required. And such acts, if professedly done in behalf of the society, and on their credit, would create a privity of contract with them, as if they had acted by vote upon the same matters, without the intervention of a committee. And the committee, for aught we perceive, might as effectually bind the society by a contract concluded with one of their own number, as with a stranger. Now it is sufficiently found by the auditor, that the plaintiff acted throughout, in performing services and making payments, with the assent and under the sanction of the entire committee. In substance they contracted with him to perform the services and make the payments. And as he was the only person interested in the

---

---

balance finally remaining in his power, he must be the proper party to sue for it.    These views would seem to be fully sustained by the case of *Geer* v. *The School District in Richmond.*

We think that the other objection is not warranted by a just con-construction of the articles of association for building the house. We consider that the provision regulating the average cost of pews to subscribers, was designed to secure a sale of the pews, and not as an absolute limit to the cost of the house.    As to this the plan of the house, as settled by vote of the society, was the necessary guide of the committee, and no suggestion is made of any extravagance or needless expense in building it in conformity with that plan.

Judgment of county court affirmed.