WILLIAM ALLEN *versus* ANDREW ARCHER & *al.*

The action of a town in changing the limits of a school district, without the "written recommendation of the municipal officers and superintending school committee, accompanied by a statement of facts," is void.

It is competent for the Legislature to make valid the action of a town, which would otherwise be void on account of some informality or technical defect.

The description, in a vote of a town, of a school district, as "all the territory between" two given lines, is not so defective that the vote will be held to be void.

Unless the records of a town meeting show that the notices calling it were posted in public *and conspicuous* places, the proceedings are void.

Persons undertaking to act as assessors of a town, without having been legally elected as such, are personally liable for the acts of a collector to whom they have issued a warrant for the collection of taxes assessed by them.

The provisions of c. 6, § 29, of the R. S., do not apply to such a case.

The time when a trespass is alleged to have been committed is not material to be proved as laid; it is sufficient if it is within the statute of limitations.

Under a declaration in trespass, it is immaterial whether the acts complained of were committed by the defendant, or by another person acting under his direction.

Upon motion made in the law Court, a report will be discharged upon terms, for the purpose of allowing the officer of a town to amend his records according to the fact, where the defects are technical, and the justice of the case requires it.

ON REPORT.

TRESPASS for taking a yoke of oxen. The evidence was that, previously to March, 1858, the plaintiff's residence was included in the limits of school district No. 6, in Fairfield; that, at the annual meeting in March, 1857, a committee was appointed to re-district the school districts in the town; that, at the annual meeting in March, 1858, the report of that committee re-districting the town was accepted, but without any written recommendation of the municipal officers and superintending school committee, accompanied by a statement of facts; that by that report the plaintiff's residence was included in district No. 14, which was described as embracing the territory from Abram Potter's north

line to Ephraim Avery's south line; that, at the same meeting, the defendants and another person, were elected assessors, and Timothy Jones, collector, and that they were severally duly qualified; that the constable's return, upon the warrants calling these meetings in 1857 and 1858, was, that he " had posted up in four public places in said town, true and attested copies of the within warrant;" that, thereafter, in 1858, the selectmen of Fairfield issued a warrant in due form, calling a meeting of the legal voters of school district No. 14, and it was admitted that, at a legal meeting of said district (if legally constituted), it was voted to raise a sum of money by assessment, for a legal purpose, and the vote was duly certified to the defendants as assessors of the town; that the defendants, as assessors, thereupon proceeded to assess, upon the polls and estates of the residents of said district, the sum voted to be raised, and, on the tenth day of May, 1858, delivered these warrants with the tax bills and their certificate to said Timothy Jones, as collector of taxes of said town; that he demanded of the plaintiff his tax, which he refused to pay, and thereupon, on the fifteenth day of June, 1859, seized the oxen sued for, and the plaintiff, to obtain possession of the oxen, paid the tax, interest and costs; that all the districts in the town had organized under said vote, in March, 1858, and that no person in district No. 14, (except the plaintiff) had made any objection to the proceedings; and that the Legislature, on the second day of April, 1859, had passed an Act to confirm and make valid the proceedings of the town, in March, 1858, " in relation to the re-districting said town for schools."

Upon this evidence, the full Court was to render such judgment as the law requires.

*Webster*, for plaintiff.

1. There having been no written recommendation of the municipal officers, &c., District No. 14 was never legally established. R. S. c. 11, § 1.

2. The warrants for the town meetings of 1857 and 1858

not having been posted in "*conspicuous places*," the proceed-
ings at those meetings are void. *Bearce* v. *Fossett & als.*,
34 Maine, 575; *Fossett & als.* v. *Bearce*, 29 Maine, 523;
*Christ's Church* v. *Woodward*, 26 Maine, 172; *State* v.
*Williams*, 25 Maine, 561.

3. The report, as accepted, does not establish District
No. 14, with territorial limits. *Deane* v. *Washburn*, 17
Maine, 100; *Whitman* v. *Hogan*, 22 Maine, 564; R. S.
c. 11, § 1; 7 Pick., 106; 4 Cush., 250, 487.

4. The district not having been legally established, the
defendants are liable for assessing their tax. *Tucker* v.
*Wentworth & als.*, 35 Maine, 493.

5. The defendants, not having been legally chosen asses-
sors, are liable for acts done by Jones, the collector, under
their direction.

*Snell*, for the defendants, submits a motion in writing,
supported by affidavits, that the constable of Fairfield have
leave to amend his return on the warrants for the meetings
of 1857 and 1858, according to the fact, by inserting in
each return the words, "*and conspicuous*" after the word
"*public*;" or that the report be discharged and the case sent
back to *Nisi Prius*, for such proceedings in relation to the
proposed amendments as law and justice may require; and
cites, in support of his motion, *Gordon* v. *Assessors of Con-
cord*, not reported.

Assuming that these meetings were legally called, we
say : —

1. The provision of the statute requiring the recommen-
dation of municipal officers, &c., relates only to changing
the lines of existing districts, and not the forming of new
districts.

2. If it does, these proceedings are made valid by the
Act of April 2, 1859. As this Act infringes upon no vest-
ed rights, it is valid.

3. The district is sufficiently described; the north and
south lines are fixed, and they extend to the east and west
lines of the town.

Allen *v.* Archer.

4. The assessors are not liable for assessing this tax. R. S., c. 6, § 29.  *Patterson* v. *Creighton*, 42 Maine, 377.

5. The plaintiff has failed to make out his case.

He has not identified the oxen seized by Jones as the ones sued for.  The writ alleges that the *defendants* took and carried away a yoke of plaintiff's oxen, July 1, 1859, but the proof is, that *Jones* took a yoke of his oxen, June 15, 1859 ; and he has shown no connection between the defendants and Jones.  He has not proved that the defendants were assessors, and must therefore fail in his action.

The opinion of the Court was drawn up by

RICE, J. — Chap. 11, § 1, R. S., provides that school districts shall remain as they are until altered or discontinued. A town, at its annual meeting, may determine the number and limits of school districts therein ; but they shall not be altered, discontinued, or annexed to others, except on the written recommendation of the municipal officers and superintending school committee, accompanied by a statement of facts, and on conditions proper to preserve the rights and obligations of the inhabitants.

The first clause of the above section recognizes the legal organization of existing school districts.  The statute also provides that such organization shall not be changed except on the recommendation, in writing, of the municipal officers and superintending school committee.  This prohibition was undoubtedly designed to prevent changes in existing districts without good and sufficient cause, and applies to all alterations thereafter to be made.

These preliminary proceedings were not had in the case before us.  The changes made by the town were therefore informal, and unauthorized by law.

The proceedings of the town, however, appear to have been taken with much deliberation, and the re-arrangement of the districts seems to have given general, indeed, almost universal satisfaction to the inhabitants.  This, however, does not change the legal character of these proceedings.

By c. 349 of the laws of 1859, the doings of the town of Fairfield, at the annual town meeting, held in said town on the eighth day of March, in the year 1858, in relation to re-districting said town for schools, are confirmed and made valid.

Statutes made to confirm acts by public officers, which would have been void for some informality, have never been questioned on constitutional grounds. *Tate & ux.* v. *Stootzfoot & als.*, 16 S. & R., 35; *Walter* v. *Bacon & al.*, 8 Mass., 468; *Lock* v. *Dane*, 9 Mass., 360.

Confirming Acts are not uncommon, and are very·useful. Deeds acknowledged defectively have been confirmed; and proceedings and judgments of commissioned justices of the peace, who were not commissioned agreeably to the constitution, or where their powers ceased on the division of counties, until a new appointment, &c. *Underwood* v. *Lilly*, 10 S. & R., 97.

Retroactive laws which only vary the remedies, divest no right, but merely cure a defect in proceedings otherwise fair: the omission of formalities which do not diminish existing obligations, are consistent with every principle of natural justice. 10 S. & R., 97.

Such statutes have been held valid, when clearly just and reasonable, and conducive to the general welfare, even though they might operate in a degree upon existing rights, as a statute to confirm former marriages defectively celebrated, or a note of hand defectively made or acknowledged. 1 Kent's Com., 456.

Laws of this character, which are intended only to cure informalities and technical defects, and which do not interfere with vested rights, nor impair the obligation of contracts, are justly deemed statutes of repose, and tend to prevent litigation and strife in the community. They in effect declare, in relation to the informal and technically defective proceedings to which they refer, that hereafter such proceedings shall be deemed valid and obligatory upon all parties who had not, at the date of their passage, acquired

vested rights under them.    Such is the character of the Act
of April, 1859, c. 349.

The territorial description of school district No. 14 is
certainly not very full and specific.    We cannot, however,
determine from the report that it is clearly defective.    All
the territory between two given lines may constitute a per-
fect description of the locality of such territory, and, in the
absence of evidence to show the contrary, such will be pre-
sumed to be the fact.

The notices for calling the meetings of the town, in 1857
and 1858, as shown by the record of the officer's return,
were defective, inasmuch as the return does not show that
said notices were posted in public and *conspicuous* places, as
required by c. 5, § 6, R. S., 1841, and c. 3, § 7, R. S.,
1857.

Such defect has been held to be fatal in the proceedings
of towns, and in the election of officers, in numerous cases
in this State.    *State* v. *Williams*, 25 Maine, 569 ; *Christ's
Church* v. *Woodward*, 26 Maine, 172 ; *Fosset* v. *Bearce*,
29 Maine, 523 ; *Bearce* v. *Fosset*, 34 Maine, 575.

In the case last cited, it was said by APPLETON, J., in
giving the opinion of the Court, — "The defendants, claim-
ing to act as officers of the town, were bound to show the
legality of the meeting at which they were elected, as, if
that was not a legal meeting, they hold no official position."
And again, "the defendants, consequently, are to be regard-
ed only as citizens of Bristol, and can have no greater rights
than other inhabitants of that town."    The defect in that
case was precisely the same as in the case at bar.

The defects in the manner of notifying the meeting in
1858, at which time the defendants were chosen assessors,
were not affected by the confirming Act of 1859, cited
above ; that act being confined in its operation to the acts of
the town in re-organizing the school districts.

Nor do the provisions of c. 6, § 29, R. S., apply in this
case.    The defendants, having failed to show that they were
legally elected asssesors, necessarily fail to show that the

tax in question was one which they were by law required to assess.

Whether it would not be wise for the Legislature to enlarge the provisions of the section last cited, so as to include cases like the present, is not for us to determine.

It is objected, by the defendants, that it is not alleged in the plaintiff's writ that the defendants were assessors. That is true, and that is one of the grounds on which the plaintiff desires to recover. The complaint is, that the defendants, not being assessors, assumed to act as such, and, in that assumed capacity, ordered the collector to seize and sell his property.

It is further contended, that there is a variance between the allegation in the writ and the proof as to the identity of the property taken — that the writ alleges that defendants took the plaintiff's oxen, July 1, 1859, while the proof shows that said oxen were taken on the 16th of July, by Timothy Jones, collector of Fairfield.

The precise time of taking is not material, if it was within the statute of limitations. Nor is it material whether the defendants took the oxen by their own hands, or by the hands of the collector, acting under their direction. The proof in the case shows satisfactorily that the taking by Jones'was the act complained of in the plaintiff's writ, and was done by direction of the defendants.

From the facts, as exhibited by the report and proofs introduced in this case, the plaintiff is entitled to judgment for the amount of the tax, cost and interest from the time of taking.

There was a motion made at the law term, accompanying this report, that the report be discharged, to allow the constable an opportunity to amend his return according to the fact, to show that legal notice was given of the time and place for holding the meetings in 1857 and 1858. The affidavit of the constable tends to show that the facts would authorize such an amendment, if there are no other legal obstacles in the way. The defect being in its nature techni-

cal, and there being no suggestion of unfaithfulness on the part of the defendants, if they shall so elect, at the first term after this decision is announced in Somerset county, and pay the plaintiff his costs, the report may be discharged and the case stand for trial, otherwise judgment to be entered as above.

TENNEY, C. J., CUTTING, MAY, GOODENOW and DAVIS, JJ., concurred.