HON. ASA O. ALDIS,
HON. JOHN PIERPOINT,      } ASSISTANT JUDGES,
HON. ASAHEL PECK,

---

TILLY B. NORTON *v.* TINMOUTH SCHOOL DISTRICT No. 7.

*School District. Prudential Committee. Custom.*

It had been the custom of a school district to apportion the wood for the school to the scholars, and to sell the right of furnishing the deficiency, if any, to the lowest bidder. *Held,* that this custom was not binding upon the prudential committee, and that he might furnish the deficiency himself and charge the price to the district.

But having furnished the wood, he would have no right to assess the amount upon the scholars, or the district, without a vote of the district authorizing him to do so.

34

Norton *v.* School District.

*Held,* that the prudential committee might compromise and pay a claim for a couple of blackboards which the plaintiff had allowed the district to use until' one of them was worn out.

ASSUMPSIT in the common counts. The action was referred to a referee who found and reported that the plaintiff was the sole prudential committee of the defendant school district for the years 1855 and 1856 ; that as such committee he furnished for the use of the school in the years 1855 and 1856, in addition to the items not questioned, two cords of wood each year for which he charged $8. In the year 1858 he made a claim of $4. on the district for two blackboards, all of which the referee allowed, subject to the opinion of the court upon the following statement of facts :

It had for many years been the custom of the district to assess the wood necessary for the use of its school upon the scholars, to be delivered ready for inspection by the wood inspector before the first day of December of each year. The privilege of supplying any deficiency in such assessment was annually sold to the lowest bidder. It became the duty of the prudential committee according to said custom on the first of December, or immediately thereafter, to furnish the said bidder with a bill of such deficiency, which was to be supplied in the said month of December, and in the tax bill assess the amount of such deficiency to the individuals so deficient. It did not appear that the plaintiff gave to the bidder of deficient wood any notice or bill of such deficiency during either of those years in which he was the committee as was required of him by said usage, nor that the wood which he furnished was inspected, nor that he caused the wood so furnished to be assessed in the rate or tax bill against the delinquents.

The blackboards charged had been used by the district for many years until one was worn out, but the other was still in use. The plaintiff in the year 1858 compromised the claim with the then prudential committee at $4. as above allowed.

On the hearing on said report at the September Term, 1864, KELLOGG, J., presiding, the court decided that the plaintiff was entitled to recover of the defendant the sum reported by the referee, and his costs, and rendered judgment accordingly. To this decision and judgment the defendant excepted.

*E. Ross* and *D. E. Nicholson,* for the defendant.

*B. Frisbie* and *Dewey & Joyce,* for the plaintiff.

PIERPOINT, J. It is by law made the duty of the prudential committee of every school district, "to see that fuel and furniture, and all appendages and things necessary for the advantage of the school, be provided." No question is made in this case but that all the articles furnished to the district, and for which this suit is brought, were such as the plaintiff, as prudential committee, was by the statute required to furnish, and were necessary at the time they were furnished.

But it is said he cannot recover for the wood, because it was not furnished in the way that the district had been in the habit for many years of having the wood furnished. The statute provides that school districts may, at a meeting legally warned for that purpose, vote to defray the expense of fuel by apportioning the same to the scholars. It does not appear that this district had ever taken any vote upon the subject, but their custom had been, to apportion the wood itself to the scholars, and if sufficient was not procured in that way, to sell the right of furnishing the deficiency to the lowest bidder. This custom we think was not binding upon the prudential committee, as a vote might have been, but he had the right if he thought best, to adopt a different course, and it appears that during the two winters when he was the committee, on finding there was a deficiency of two cords of wood each winter, he furnished it himself and charged the price of it to the district. This he might well do, especially as it does not appear that he charged any more for it than it would have cost if he had procured it of any one else. Having furnished the wood he had no right to assess the amount upon the scholars or the district without a vote of the district authorizing him to do so.

As to the claim of four dollars for two blackboards, it appears that the plaintiff was the owner of the blackboards, and had allowed the district to use them for many years, until one of them was worn out. He made a claim upon the district for them, which was not paid, until finally the prudential committee compromised the matter with him, and agreed to pay him four dollars and take the remaining board. This we think it was competent for the prudential commit-

tee, as the general financial agent of the district, to do, and that the claim was properly allowed by the referee.

The right of the plaintiff to recover for the other items of his account is not seriously questioned.

Judgment of the county court is affirmed.