## THOMAS BROWN *v.* SCHOOL DISTRICT.

### *School Teacher.    Voter.    Committee.*

1. It is not necessary if one is exempt from taxation that his name be on the grand list, to be a voter in a school meeting.
2. A school committee can make a legal contract, and thereby bind the district, for a teacher's board, although the district voted at the annual meeting that the teacher should "board around in proportion to the grand list."
3. The court do not apply the rule, that public officers can not contract with themselves to a school committee ; but hold, that, for boarding the teacher, or, furnishing supplies, &c., if there is no fraud, they can recover of the district—on a *quantum meruit* or *valebant.*

ASSUMPSIT.    Heard on a referee's report, September Term, 1881, VEAZEY, J., presiding.    Judgment for the plaintiff to recover the smaller sum named in the report.    The referee found, that school district No. 9 in Clarendon, at its annual meeting in 1878 elected three committee men, one of whom was the plaintiff ; that two of the committee contracted with him for his minor son, J. M. Brown, to teach the school in said district, and board at his house, and pay him $60 for teaching and $15 for board ; that the son taught the school, rendering efficient service to the district, and boarded at home ; that the plaintiff had received therefor only $50.35 ; that at said annual meeting the district voted " in respect to boarding the teacher for the year ensuing : ' To board around in proportion to the grand list.' "    The referee found that if the plaintiff could recover for the board he was entitled to $29.08 ; but if not, to $11.38.    The other facts are stated in the opinion.

*Prout & Walker*, for the plaintiff.

A prudential committee, acting in good faith, has the right to furnish wood, supplies, teachers, or any thing else within the line of his duty to provide, and collect pay for the same on a *quantum meruit.*

The contract, however, was made by the two other committee

men, and was entire. *Goodwin* v. *Perkins,* 39 Vt. 598 ; *Norton* v. *School Dist.* 37 Vt. 521.

*Joel C. Baker,* for the defendant.

The committee can not control the school house against a vote of the district, except to keep the district school. *Chaplin* v. *Hill,* 24 Vt. 528 ; *Russell* v. *Dodds,* 37 Vt. 497 ; or, employ counsel to defend a suit. *Harrington* v. *School Dist.* 30 Vt. 155 ; 36 Vt. 693. Public officers cannot contract with themselves. *Cumberland Coal Co.* v. *Sherman,* 30 Barb. 553 ; *Picket* v. *School Dist.* 3 Am. 105 ; Story Agency, s. 210. One of the committee was not a voter, and therefore ineligible. *Woodcock* v. *Bolster,* 35. Vt. 632.

The opinion of the court was delivered by

TAFT, J. I. The first objection made to the plaintiff's recovery is, that Tiernan, one of the prudential committee, who made the contract under which the plaintiff claims, was not a voter in the district, and therefore ineligible to an election. The referee reports that his name was not on the preceding grand list. Notwithstanding this fact he may have been a voter. All persons, being otherwise qualified, who are exempt from taxation for any cause, are legal voters ; so that a person may be a voter if his name is not on the grand list. There are many instances of such exemptions. The fact that he was not a voter does not appear and the question made is not in the case.

II. The vote for the teacher to board around in proportion to the grand list was not authorized by the statute, which provides that all expenses incurred by a district for the support of schools shall be defrayed by a tax upon the grand list. We think this means a tax payable in money. The district making no legal provision for the teacher's board, the committee were authorized to make the contract in question.

III. The defendant contends that the contract for the teacher's board was null, upon the ground that it was made with a member

of the committee. The majority of a joint committee have power to act, R. L. s. 3, but can they contract with one of their own number? There are cases in this State that seem to indicate that agents of corporations have authority to pledge to each other the corporate credit of such bodies. The earliest case is that of *Geer* v. *School District in Richmond*, 6 Vt. 76, where a committee was appointed to repair the school house, and the plaintiff as one of the committee, furnished materials and labor in such repairs, and the question was, whether he could sue separately for the same, or whether the suit should have been brought in the name of the whole committee. The case did not depend upon the question whether a contract made with one of their number was valid or not; the committee were appointed to repair the house, that is, furnish the materials and labor, and had they done so jointly, no question would have arisen. The committee had the right, under the vote appointing them, as is stated by PHELPS, J., in his dissenting opinion " themselves to do the repairs " and what they could do jointly, they could direct one of their number to perform; so that as we have already stated the question of the right of agents or committees to contract with one of their own number did not arise; and it is error to cite the case as sustaining such a proposition. In *Sawyer* v. *Meth. Epis. Society in Royalton*, 18 Vt. 405, the plaintiff was one of a committee appointed by the defendent to " superintend the building of " a meeting house; and his account was for expenses, disbursements and services rendered by him, as such committee. Such an account he would have a right to recover if it accrued with the consent of the committee, by virtue of the articles of the association and the vote appointing him. The learned Judge who drew the opinion says " the committee for aught we perceive, might as effectually bind the society by a contract concluded with one of their own number, as with a stranger." This might have been true had the committee the power under the authority conferred upon them to furnish the materials and labor for the construction of the house; but not true if their only power was to contract for them on behalf of the society. The case did not stand upon the right of the committee to contract with one of their number; the question did not arise

upon the exceptions, was not argued by the counsel, and the remark of the court above quoted was *obiter dictum.*

*Rogers* v. *Danby Universalist Society,* 19 Vt. 187, is the last case in mind which apparently sanctions the doctrine, and the court say that it must be considered as definitely settled by the cases of *Geer* v. *School District,* and *Sawyer* v. *Meth. Epis. Society, supra.* As we have already shown, and as will be readily seen by an examination of the cases, the question did not arise in either case, neither did it in the last case cited, that of *Rogers* v. *Danby Univ. Soc.* In this latter case the plaintiff's account was " for services rendered and advances and payments made by him, as one of the trustees, on liabilities, created by the trustees, against the society, for building the house." It does not appear that any contracts were made by him with the trustees, of which he was one, but on the contrary the exceptions show that his claim was for services as a trustee, and payments made by him as such, upon contracts made by the trustees, as is evident from the statement of the case,—with strangers. We think the true rule, is, that a committee may do by one of their number what they have a right to do themselves, and for all things properly done or furnished by one, or all jointly, there can be a recovery on a *quantum meruit* or *valebant.* We do not understand that it has been decided in this State that a committee with authority only to contract have power to enter into agreements with themselves.

Under the statute s. 515, R. L , it is the duty of the prudential committee to provide fuel, furniture and all appendages and things necessary for the school; and if they furnish such supplies for the district, their value should be paid for, and such items may well include the board of the teacher. In *Norton* v. *School District,* 37 Vt. 521, the committee recovered for wood furnished by him, and in this case we think the plaintiff should recover for the board furnished the district, not by force of the contract alone, but by virtue of the obligation resting upon him under the statute. It is clear that no fraud was practiced upon the district, as the price charged, ninety-four cents, was much less than the delinquent board was bid off for, viz : two dollars and fifty cents per week. No question is before us on the exceptions as to the wages of the

teacher. Judgment reversed and judgment for the larger sum named in the report.