## MOSES D. ROWELL *v.* SCHOOL DIST. NO. 19 IN TUNBRIDGE.

*School Committee de facto. School Meeting, Annual. Implied Promise. Vote for Teacher to " Board Arround."*

1. A school committee can be legally elected only at the annual meeting on the last Tuesday of March.

2. A failure to elect a committee at the annual meeting does not create a vacancy, but leaves the district legally officered as to a committee.

3. There is an implied promise on the part of a school district to pay a *de facto* committee for boarding a teacher and for labor and material furnished it, when, though not legally elected, he acted in good faith as committee, and the district stood by in silence and availed itself of the benefit; and this is so although the district had voted to have the teacher " board arround."

ASSUMPSIT. Trial by court, June Term, 1886, ROWELL, J., presiding. Judgment for the defendant.

It appeared that the defendant held an annual March meeting in 1883 ; that the meeting was adjourned one week, without electing any officers ; that on April 5th, 1883, the selectmen of Tunbridge appointed officers for the district, to hold their offices until others were elected, and this was done on the ground that there was a vacancy ; that the same person was appointed clerk who had been elected clerk at the annual meeting in March, 1882 ; that said clerk warned a school meeting for the first day of May, 1883, at which time the plaintiff was elected a prudential committee of said district, and acted as such until March, 1884, when a new election was had. The

Rowell *v.* School District.

plaintiff's account was : $3 for repairing school-house ; $12 for boarding teacher in summer of 1883 ; $36 for boarding teacher in winter of 1883–4 ; $4 making fires. The other facts are sufficiently stated in the opinion.

*S. M. Pingree* and *J. D. Denison*, for the plaintiff.

The plaintiff was at least a *de facto* committee ; and his acts were valid as to third persons and the public. *Goodwin* v. *Perkins*, 39 Vt. 593 ; 19 N. H. 115 ; *Allen* v. *State*, 21 Ga. 217.

*Lamb & Tarbell* and *C. H. Heath*, for the defendant.

There was no legal election. R. L. ss. 508, 519 ; *Mason* v. *Brookfield*, 23 Vt. 416 ; 20 Vt. 487. The plaintiff had no authority to bind the district in matters pertaining to himself. *Houston* v. *Russell*, 52 Vt. 110 ; *McGregor* v. *Balch*, 14 Vt. 428 ; *Courser* v. *Powers*, 34 Vt. 517. There was no vacancy. The plaintiff was a mere volunteer and could not create a debt against the district.

The opinion of the court was delivered by

VEAZEY, J. The ruling of the County Court that the plaintiff was not legally elected prudential committee, and was only committee *de facto* and not *de jure*, was in accordance with the decision in *Willard* v. *Pike, ante*, 202, heard at the last General Term ; nevertheless, we think he was entitled to recover.

The case is a suit in his favor as an individual for labor and material furnished to the district. The failure to elect a prudential committee at the annual meeting created no vacancy, but left the district legally officered as to such committee by the committee of the previous year. Yet the district took such action as gave the plaintiff the form of right to proceed in its behalf as he did proceed, and had the benefit of his labor and material, rendered in apparent good faith and without objection. In other words, it and its legally existing officers, en-

titled to interfere, stood by in silence while regular service was being rendered for the district by one having the color of right; and such service as the district would have been bound to pay for, to the plaintiff, had he been a *de jure* officer. *Brown* v. *School District*, 55 Vt. 43.

A promise will sometimes be implied from the silence or presumed assent of the party. Chitty on Contracts, p. 22 ; *Lamb* v. *Bunce*, 4 M. & S. 275. If one accepts, or knowingly avails himself of the benefit of services done for him without his authority or request, he shall be held to pay a reasonable compensation for them. *Abbott* v. *Hermon*, 7 Greenl. 118.

Although the bill of exceptions states that the services for which the plaintiff sought to recover were rendered as such committee, yet we do not understand by that that he sought to justify his acts as done in his official capacity. He claims to recover for personal service and material which he in form was appointed to render and furnish. The defence is solely a defect in the appointment. No suggestion is made but that the service and material were of a kind that would entitle the plaintiff to recover if his election had been legal. None is made but that if he had procured this service to be rendered by others, his acts as a *de facto* officer would have bound the district. The only point urged is the one above stated. As an answer to that he may well say : " You gave me the form of right and duty, and I proceeded in good faith to render the service, to your benefit, of which you knowingly and without protest availed yourself."

The tax cases in the reports bear no analogy to this. The enforcement of a tax is a proceeding *in invitum*, and the municipality and its officers can stand only on strict compliance with statutory requirements. The collector does not proceed in his own right, but justifies purely as an official, and must show he is an officer *de jure*.

We think the case in its facts and circumstances is clearly within that class where the rule of an implied promise to pay has been applied in behalf of a claimant. The plaintiff's right

is unaffected by the vote to have the teacher board around. Such vote was not the making of a legal provision for board. *Brown* v. *School District, supra.*

Judge Ross would hold that the election of the plaintiff was legal but for the decision in *Willard* v. *Pike, supra.*

Judgment reversed, and judgment for the plaintiff.