# CHARLES W. SCOTT

v.

# SCHOOL DISTRICT NO. 9, IN WILLIAMSTOWN.

October Term, 1894.

*Statute of limitations. Failure of former suit as replication. School district warning. Authority of prudential committee to employ himself. Ratification.*

1. A replication to the statute of limitations setting forth that a previous suit was seasonably begun, but that the writ in such suit was not duly served, should allege that such failure of service was due to unavoidable accident or to the fault or neglect of the officer serving the same.

2. Nor is it enough to allege that the former suit was abated for defective service and the present suit brought within a year from such abatement. It must further appear that the cause of the defective service was within the statute.

3. It is no excuse for a defective school district warning that similar warnings had been used for many years.

4. The prudential committee of a school district cannot employ himself as a teacher, and cannot recover from the district upon a *quantum meruit* for services so rendered.

5. But if he actually teaches the school, and regularly keeps and returns to the town clerk his school register, and upon the strength of it the district receives and applies its portion of the public money, that will amount to a ratification of his contract and he may recover.

Assumpsit. Pleas, the general issue and statute of limita-

tions.    Heard at the March term, 1893, Washington county,
Tyler, J., presiding, on demurrer to the plaintiff's replication to the plea of the statute of limitations.    Demurrer
overruled, and replication adjudged sufficient.    The defendant excepted, and by stipulation of parties it was agreed that
the exceptions might lie, and the case proceed without prejudice to the exceptions.

The defendant being thereupon permitted to plead over
plead the general issue, and a trial was had by the court.
Upon the facts found by the court, judgment was rendered
for the plaintiff for the sum claimed in the specifications and
interest and costs.    The defendant excepts.

The plaintiff resided in school district No. 9, in Williamstown.    At the annual school meeting held in March, 1884,
he was elected prudential committee of that district, but it was
subsequently found that the warning for that meeting was
defective, and he was duly appointed prudential committee
by the selectmen of the town.

In September, 1885, another school meeting was held under the following warning :

"The legal voters of school district No. 9, in the town of
Williamstown, are hereby notified to meet at schoolhouse in
said district on the 18th day of September, 1884, at 1 o'clock
in the afternoon, to consider and act on the following propositions :

"1.    To choose a moderator to govern said meeting.

"2.    To see if the district will vote to sustain a school or
schools in said district, and to fix the time for the commencement of the terms thereof and the length of such terms.

"3.    To see if the district will vote a tax upon the grand
list to defray the expense of such school or schools, or take
other measures therefor.

"4.    To transact any proper and necessary business."

At that meeting the district voted to sustain a school for
eight weeks in the fall, which school should begin September 22, and to provide for the instruction of those who might
wish to attend school in the winter in adjoining districts.

Pursuant to this vote the plaintiff hired a teacher who taught the fall school. Not being able, as he thought, to ' provide for the instruction of the scholars in adjoining school districts, he determined, after some inquiry, to have a school in district No. 9, and did, in fact, teach a winter term of twelve weeks, boarding himself, and charged one dollar and twenty-five cents per day therefor. Before commencing his school the plaintiff was duly examined and licensed as a teacher. He kept the school register properly, and duly returned it to the town clerk's office. The parents in the district sent their scholars to school without objection, and the district drew the public money upon the attendance of scholars that term.

Before beginning his school the plaintiff made some repairs upon the schoolhouse, and provided some fuel for which he charged two dollars and fifty cents. At the end of the term he drew an order, payable to himself, for the amount due him for services in teaching the school and for said two dollars and fifty cents, and presented the same to the treasurer of the district for payment. Payment was refused, and the treasurer made him a tender of two dollars and fifty cents, which the plaintiff declined. .

The defendant offered evidence tending to show that all the children in the district could have been instructed in other districts, and that the parents were willing to send them there. This evidence was excluded as immaterial, to which the defendant excepted.

The court held, as matter of law, that no article in the warning for the meeting of September 18, 1885, authorized the vote relative to having the scholars of the district taught in adjoining districts, and that notwithstanding the action of the district at that meeting, it was the duty of the plaintiff to provide a school in the district for the winter term, and that he was entitled to a reasonable compensation for his services in teaching the same ; and since the defendant offered no

evidence in respect to the value of the plaintiff's services, the court held that under the common counts the plaintiff might recover the items charged in the specifications.

The defendant offered evidence tending to show that the district had used this form of warning in respect to having scholars instructed out of the district for eight or nine years previous, which evidence was excluded, under the exception of the defendant.

*Edward W. Bisbee* for the defendant.

The replication was insufficient. It must set forth all the facts necessary to bring the case within the exception of the statute. This replication does not show that the first suit failed without the fault of the plaintiff. *Poland* v. *Railroad Co.*, 47 Vt. 77; Stephen, Pl., p. 333; *Phelps & Bell* v. *Wood*, 9 Vt. 399; *Spear* v. *Curtis*, 40 Vt. 59; *Hayes* v. *Stewart,* 23 Vt. 622.

The plaintiff could not employ himself as a teacher. *Judevine* v. *Hardwick*, 49 Vt. 180; *Davenport* v. *Johnson*, 49 Vt. 403.

*W. A. & O. B. Boyce* for the plaintiff.

ROWELL, J. The replication to the statute of limitations is demurred to. The replication seeks to bring the case within the statute that if, in an action commenced within the time limited, the writ fails of a sufficient service or return by unavoidable accident or by fault or neglect of the officer to whom it is committed, or is abated, the plaintiff may commence a new action for the same cause within a year; and it alleges, in effect, that this plaintiff seasonably commenced a former action for the same cause, and that the writ therein was served on the defendant only fifteen days before the return day, and that for that reason the defendant, being a corporation and therefore entitled to at least

thirty days' notice, the county court dismissed the action on motion, to which the plaintiff excepted, but as he did not file his exceptions in time, the judgment became final, and that this action was commenced within one year thereafter.

The replication is not good as constituting an answer to the plea on the ground of a failure of sufficient service of the writ in the former action, for it does not allege that such failure was by unavoidable accident, nor by fault or neglect of the officer to whom the writ was committed, as was necessary, to bring the case within the statute.

Nor is the replication good as constituting an answer to the plea on the ground of abatement of the former action, for the abatement was caused solely by reason of the failure of service, and it would be illogical to give the abatement greater effect as an answer to the plea than is given to the thing that alone caused the abatement, such thing itself being, when occasioned as mentioned in the statute, substantive ground for allowing another action to be brought.

The offer to show that for eight or nine years the district had used this same form of warning in respect to having scholars instructed out of the district, was properly excluded. The statute required that warnings for school district meetings should specify the business to be transacted or question to be considered at such meetings. This warning contained nothing upon the subject of having scholars instructed out of the district, and usage could not supply the defect. The powers of the district being wholly statutory, they could not be enlarged nor diminished by proof of usage. 1 Dillon's Municipal Corp., 2d ed., 356. Abuses of power and violations of rights derive no sanction from time nor usage. *Hood* v. *Mayor of Lynn*, 1 Allen, 103.

The vote to have the scholars instructed out of the district being void, the plaintiff, as prudential committee, was at liberty to "appoint and agree with a teacher to instruct" a school in the district; and the question is whether he could

himself instruct the school and recover for it on the *quantum meruit*. As said in *Brown* v. *School District*, 55 Vt. 43, there are cases in this state that seem to indicate that agents and officers of corporations have authority to pledge the credit of the corporation to one another; but after a review of some of the cases the true rule is there said to be that a committee may do by one of its members what it has a right to do by all, and that for all things furnished or done by one or all recovery can be had on the *quantum meruit* or *valebant*, and that it is not understood to have been decided by this court that a committee with authority only to contract have power to enter into agreements with themselves. The case of *Langdon* v. *Castleton*, 30 Vt. 285, not referred to in *Brown* v. *School District*, comes nearer to holding that than any other, perhaps. There the plaintiff was agent of the defendant town to prosecute and defend suits in which the town was interested, and being himself a lawyer, he prosecuted a suit in that capacity, and it was held that he could recover for his services and disbursements therein. The question is not discussed in the opinion, the court merely saying that it saw no reason why the plaintiff was not legally entitled to be paid, and that such had been the general understanding and practice in such cases. But the statute concerning the powers of such agents is different from the statute concerning the powers of prudential committees of school districts in respect of hiring teachers. Such agents are chosen, to use the language of the statute, "to prosecute and defend suits in which the town is interested." This language does not in terms, nor in effect, we think, restrict the authority of the agent to contracting for legal services, but leaves him at liberty to perform them himself if competent. It has always been quite the practice for towns to elect lawyers as such agents, because they could act in the double capacity of agent and lawyer, and thereby make it cheaper and better for the

town. But the statute concerning the authority of pruden-
tial committees of school districts was much more restrictive.
Its language was, "shall appoint and agree with a teacher
to instruct the school, and remove him when necessary."
This confined their authority to appointing and agreeing;
and as their official power in this regard was fiduciary, the
case would seem to fall logically within the principle that it
is against public policy to allow one standing in such a rela-
tion to contract with himself concerning the subject of his
trust; and when we consider that it was the duty of such
committees to remove a teacher when necessary, the case
all the more clearly falls within that principle, for it is fun-
damental that a man shall not be a judge in his own case,
and that doctrine is not alone applicable to strictly judicial
officers, but to everyone who acts in a judicial capacity, as
a prudential committee did when he sat to determine whether
it was necessary to remove a teacher or not. The law of
this subject is so well settled and so familiar that we deem
the citation of authority unnecessary, but those desirous of
looking into the books will find an instructive case in *Pickett
v. School District*, 25 Wis. 551; 3 Am. Rep. 105. That
case goes much further than this court has gone, and would
prohibit recovery in many cases where we permit it; but
the ground and reason of the law is there well stated. We
hold, therefore, that the plaintiff had no authority to teach
the school himself.

The parents in the district sent their children to school
without objection, and the plaintiff kept the school register
properly and duly returned it to the town clerk's office, and
the district drew public money according to the attendance
that term; and the question arises whether by reason of
these things, or of any and which of them, the district be-
came liable to the plaintiff for his services. If it did, it was
upon the ground of assent and ratification.

It is said that when work done for a corporation without

complete legal authorization is for a corporate purpose and beneficial to it and the price reasonable, strong evidence of the assent of the corporation is not required, but that such assent must be shown; and that ratification, whatever its form, must be by the principal or by authorized agents. 1 Dillon Municip. Corp. ss. 464, 465, 4th ed. The work in question comes within this proposition, in that it was done without such authorization, was for a corporate purpose, and, presumably, beneficial to the corporation; and we think it further comes within it in that it was assented to and ratified by an authorized agent. By reason of the plaintiff's services in teaching the school and properly keeping and seasonably returning the school register, the district became and was entitled to a proportionate share of the public moneys, which share the district received in due course, and it was, presumably, as the statute provided it should be, paid over to the treasurer of the district, who was, by statute, fully authorized to accept and receive it, which made his act in this behalf, in legal effect, the act of the district; and so the question is, had the district, by authorized corporate action, accepted and received this money, would it thereby have made itself liable to the plaintiff for his services? We think it would have, on the ground that if one accepts, or knowingly avails himself of, the benefit of services performed for him without his authority, the fruits of which he can reject, he shall be held to pay therefor a reasonable compensation—a principle as applicable to a corporation when the services are performed in and about a corporate business as to an individual. One cannot, in such a case, accept in part and reject in part. If he accepts in part he thereby ratifies and confirms the whole.

*Judgment reversed, demurrer sustained, replication adjudged insufficient, and cause remanded.*