**Edgar L. Lawton v. Town of Brattleboro, Harry K. Shepard, Inc. and Rescue, Inc.**

[266 A.2d 816]

No. 63-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 3, 1970

526

*Robert Grussing, III*, Brattleboro, for Plaintiff.

*John S. Burgess*, and *Kenneth V. Fisher, Jr.*, Brattleboro, for Town of Brattleboro.

*Parker, Ainsworth & Richards*, Springfield, for Harry K. Shepard, Inc.

**Holden, C.J.** The plaintiff, an aggrieved taxpayer, presents this appeal from a decree which denied the relief sought in his petition for a declaratory judgment. The action was initiated against the town of Brattleboro where he resides. The defendant corporations were subsequently joined as parties who are interested in the plaintiff's grievances.

It appears from the agreed facts, upon which the case was submitted to the chancellor, that the Representative Town Meeting, convened March 16, 1968, as provided in its charter (1959, No. 302 §§ 3 *et seq.*), voted to exempt from taxation

the real estate within the town of Brattleboro owned by Rescue, Inc. The subject of this particular exemption was not included in the warning of that meeting. Although the question was ruled out of order by the moderator, his ruling was appealed and an exemption granted for the year 1968, under Article 28, which called for "other business." This exemption is the subject of the first grievance advanced by the plaintiff.

At the next annual town meeting, and after this proceeding was initiated, the town voted to exempt the lands of Rescue, Inc. for the year 1969. It also voted affirmatively to ratify the exemption granted in 1968. The question was presented in Article 11: —

> To see if the Town and Town School District will vote to ratify and reaffirm the action of the Representatives taken at the Annual Representative Town Meeting held on March 16, 1968 when they voted to exempt Rescue, Inc. from taxation for a period of one year from April 1, 1968, upon its lands and buildings at 52 Canal Street (corner of Clark Street), all of which action was taken upon motion made under Article 28 of the Warning for the Annual Representative Town Meeting held on March 16, 1968. (By request.)

At the time of oral argument the defendant town moved to dismiss this aspect of the plaintiff's appeal on the ground the vote of ratification in 1969 rendered the question moot.

Although the facts concerning the action taken at the 1969 meeting are not disputed, they do not relieve us from the question of the 1968 exemption. The plaintiff contends the vote of ratification to be invalid as inconsistent with 24 V.S.A. § 740.

This statute affords a means for validating the vote of a municipality which was improperly warned. The section as it relates to our question provides:

> When any of the requirements as to notice or warning of an annual or special meeting of a municipal corporation have been omitted or not complied with, such omission or noncompliance, if the meeting and the business thereat transacted is otherwise legal and within the scope of its corporate powers, may be corrected and legalized by the vote at a regular meeting or special meeting of such municipal corporation called and duly warned for that

purpose. The question to be voted upon shall substantially be, "Shall the action taken at the meeting of this town (or city, village or district) held on (state date) in spite of the fact that (state the error or omission), and any act or action of the municipal officers or agents pursuant thereto be re-adopted, ratified and confirmed."—24 V.S.A. § 740.

■ We think the corrective action taken by the town in 1969 complied with the spirit and purpose of the curative procedure afforded by section 740. To be sure, the text of the question did not follow the language suggested in the statute. But the question proposed is clear and the answer expressed in the vote is unmistakable. To demand precise compliance with the language of the statute would only frustrate and defeat the vote of the electorate. This is the evil which the Legislature sought to correct. See *Conn v. Town of Brattleboro*, 120 Vt. 315, 322, 140 A.2d 6, concerning 24 V.S.A. § 1756, a comparable bonding validation statute. We find no error in the chancellor's determination that the tax exemption granted to Rescue, Inc. was valid.

The plaintiff seeks to avoid a refuse disposal agreement between the town of Brattleboro and the defendant Shepard corporation. Over the past forty years the town of Brattleboro has undertaken the task of disposing of the refuse accumulated by its inhabitants. The town has performed this function through private contractors. In the year 1928 and later, from 1939 through 1946, the contracts were approved by the voters at town meeting for those particular years. In 1967 the contract was let to Grey Goddard, who later asked to cancel at the end of that year.

The board of selectmen invited competitive bids and specifications for a contract for the year 1968. In the two bids received, the defendant Harry K. Shepard, Inc. was the successful bidder. Accordingly, on December 6, 1967 a refuse collection agreement for a period of three years was signed by the Shepard Company and the Brattleboro selectmen. It provided for the annual payment of $34,600 to the contractor for performance of the contract according to its terms.

The plaintiff contends the selectmen acted without authority in this undertaking. His contention is based on the Brattle-

boro charter. No. 161 § 4 of the Acts of 1927, as amended. By this enactment the town of Brattleboro is granted authority—"To provide for the collection and disposition of garbage, waste and other refuse material." 1943, No. 180 § 13 (amending 1927, No. 161 § 4(g)). The selectmen, on the other hand, are only authorized to "—regulate and control the collection and disposition of garbage." 1943, No. 180 § 13.

From this, it is argued that only the town, as distinguished from its selectmen, has the power to "provide" for collection of refuse. It is said the selectmen are restricted to "regulate and control." The interpretation advanced by the plaintiff would hamper and obstruct both the town and its selectmen in the exercise of authority which has been expressly granted by the Legislature.

■ We recognize that the legislative power delegated to a municipality must be exercised by the legislators to whom it is granted. And an ordinance enacted by the selectmen, under a power delegated to the voters of the town, is without legal force and effect. *State* v. *Page,* 112 Vt. 326, 331, 24 A.2d 346.

Our concern in this instance is not with a penal ordinance, as in the *Page* case. We are dealing with a contract undertaken by the selectmen in behalf of the town in the course of performing a necessary administrative function of municipal government.

■ Although constituted as a legislative body, the selectmen have general supervision of the affairs of the town. They are required to undertake many administrative duties imposed and authorized by the statutory law concerning the safety, convenience and health of their townspeople. A formal vote of the electorate is not an indispensable prerequisite to the authority of the selectmen to function in this area of their official responsibility. *Fair Haven* v. *Stannard,* 111 Vt. 49, 52, 10 A.2d 214.

Although the organization of the government of Brattleboro is governed by special legislation, its selectmen stand no differently in this respect than those of other towns. Its charter provides that nothing in that enactment shall be construed to limit, in any way, the powers and functions conferred upon the town and its selectmen by the general law and statutes.

The powers conferred in the charter upon the selectmen, as well as the town, are cumulative, rather than restrictive. 1927, No. 161 § 4(j) as amended by 1943, No. 180 § 13.

■ In engaging the Shepard Company to collect and dispose of the town's refuse, the selectmen were performing an administrative duty affecting the safety, convenience and health of the Brattleboro community. No prior vote of the town was required. *Fair Haven* v. *Stannard, supra,* 111 Vt. at 52.

The plaintiff's remaining claim relates to his complaint that the 1968 referendum vote was invalid. The agreed statement and supporting exhibits indicate how the referendum was conducted, the tally of votes and the results of a recount. The chancellor made no determination of the legality of the referendum, and the plaintiff assigns error.

The referendum was called by petition, consistent with the Brattleboro charter provisions. Accordingly, the action taken on the budget under Article 8 of the warning at the representative town meeting was referred to the voters. The same options were given the electorate as to the total appropriation and tax rate that were considered at the March meeting. The result of the vote confirmed the action previously taken.

But the referendum has no direct bearing on the 1968 tax exemption voted to Rescue, Inc., for that vote, as we have seen, was ratified at the 1969 town meeting. The refuse disposal agreement required no vote of the electorate. Since the plaintiff has failed to demonstrate by law or fact, how the budget approved by referendum has adversely affected his interest, the chancellor was correct in withholding this issue from declaratory decree.

■ On this state of the record the interest of the plaintiff in the legality of the referendum is insufficient to justify the determination of that issue. Any answer given would be advisory only. Since the issue was not justiciable, it was not open for adjudication within the purpose of the Declaratory Judgment Act. See *Gifford Memorial Hospital* v. *Town of Randolph,* 119 Vt. 66, 79, 118 A.2d 480; Borchard, Declaratory Judgments, p. 33 *et seq.* (2d Ed.).

*Decree affirmed.*