Gerard H. Brochu, Stewart Currie, Henry C. Holden, Wallace C. Richardson, H. Ralph Whiteman, and A. Ross Young v. Kenneth E. Brown, Larry L. Brown, Clark F. Dodge, Rex E. Gates, Kenneth S. Huntley, Roger W. Mann, M.D., Wilfred Marcoux, I. E. Matthews, Harry C. Parker, Henry A. Parker, Jr., Frank Reed, and Mildred W. Sargent, Directors, Mildred W. Sargent, Clerk, J. Alfred Chouinard, and Karlene Shattuck, the remaining Auditors, and Olin E. Robbins Superintendent of Union High School District Number 18, Maurice Douglas and Katherine Demarais

[268 A.2d 745]

No. 153-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed July 22, 1970

*Bruce Graham,* Stowe, for Plaintiffs.

*Meaker & Adams,* Waterbury, for Defendants.

**Keyser, J.** The voters of Lamoille Union High School District No. 18 held a regular (annual) meeting on February 11, 1969, and acted upon ten articles of business presented by the warning. After the meeting it was discovered that notice of the meeting had not been published in a newspaper circulating in the District as required by 16 V.S.A. § 706p(a).

Thereupon, the officers of the District duly warned a special meeting to be held on June 10, 1969. Only Article II of the warning is material to the issue here, and reads:

> "ARTICLE II. Shall the action taken at the meeting of this District held on February 11, 1969, in spite of the fact that notice thereof was not published once in a newspaper circulating in the district as required by 16 V.S.A. 706p(a), and any act or action of the officers and agents of the District and of the District itself pursuant thereto be re-adopted, ratified and confirmed?"

The vote on this article was in the affirmative.

The plaintiffs, legal voters and taxpayers within the District, brought a bill in Chancery Court of Lamoille County praying, *inter alia,* that the actions taken at the meetings of February 11 and June 10, 1969 "be declared void and of no force and effect." The court heard the cause on the bill and answer. The chancellor declared the meeting of February 11

was void and without legal force and effect. As to the action taken on Article II of the warning for the June 10 meeting, the chancellor declared as follows:

"3. That the actions purportedly taken at the Special Meeting of said District held June 10, 1969, under Article II of the Warning therefor, whereby the actions and proceedings of the February 11, 1969, Regular Meeting were purportedly re-adopted, ratified and confirmed, are also void and without legal force and effect, for the reason that the provisions of 24 V.S.A. §§ 704 and 740, construed together, require that the actions to be so ratified be separately stated in the Warning for such Special Meeting, and separately acted upon during the conduct of said Special Meeting."

The sole question presented by defendants' appeal from the decree of the court is whether the action of the voters at the meeting held June 10, 1969, on Article II is valid and of legal force and effect.

A municipality is granted authority by 24 V.S.A. § 740 for validating their action at a prior meeting notice of which was improperly given. That section as it relates to the question before us provides:

When any of the requirements as to notice or warning of an annual or special meeting of a municipal corporation have been omitted or not complied with, such omission or noncompliance, if the meeting and the business thereat transacted is otherwise legal and within the scope of its corporate powers, may be corrected and legalized by the vote at a regular meeting or special meeting of such municipal corporation called and duly warned for that purpose. The question to be voted upon shall substantially be, "Shall the action taken at the meeting of this town (or city, village or district) held on (state date) in spite of the fact that (state the error or omission), and any act or action of the municipal officers or agents pursuant thereto be re-adopted, ratified and confirmed."

The only basis of plaintiffs' claim that the business transacted at the February 11 meeting was void is the failure to publish notice of the meeting once in a newspaper as required

by 16 V.S.A. § 706p(a). There is no other claim of invalidity. It is not claimed by the plaintiffs but that the meeting and the business transacted in February was otherwise legal and within the scope of the corporate powers of the District. The defendants concede the invalidity of the February meeting, this being the reason that the District elected to proceed as authorized under 26 V.S.A. § 740.

The plaintiffs do not dispute the authority of the District to warn and hold a meeting to validate the action taken at the February meeting on ten articles in the warning. What they do say is that each of the ten articles should have been in the warning of the meeting for June 10 and should have been considered and acted upon separately instead of by one omnibus, bloc vote.

They argue that this is because 24 V.S.A. § 704 is applicable to the warning for the June meeting. That statute states: "A warning for an annual or special meeting of a municipality shall, by separate articles, specifically indicate the business to be transacted . . . ." It is claimed that section 704 and 740 although not contradictory, should be construed together. From our reading of these statutes we find no conflicting consequences between them.

■ The law is well-established that the warning of a municipal meeting of the voters shall set forth the business to be done and the subjects to be considered at the meeting with reasonable certainty as will notify all interested in the subject matter of the proposed vote or action of the town (here District), and the time and place of meeting. *Walsh* v. *Farrington,* 105 Vt. 269, 274, 165 A. 914; *Scott* v. *School District,* 67 Vt. 150, 154, 31 A. 145; *Alger* v. *Curry,* 40 Vt. 437, 444.

The real issue comes down to whether the law requires that the second warning shall repeat each article of business which was in the warning for the February meeting and then be voted upon separately again at the June meeting. It should be kept in mind that the case before us is not one where the business done at the February meeting had never been warned at all.

■ The second warning told the voters of the District the precise subject matter to be voted upon at the meeting. The business incorporated in Article II had been previously sub-

mitted to, and acted upon by, the voters. This included election of officers, hearing of reports and other matters pertaining to the affairs of the District. The contents of the warning for the first meeting have not been questioned—only the timing of the notice required corrective action to gain compliance with 24 V.S.A. § 704. Since the contents of the warning were adequate in the first instance, there was no need to republish, verbatim, the text to meet the requirements of the validation procedure prescribed in § 740.

The warning for the June meeting clearly indicated that the business to be done was whether the District would vote to validate its action taken at the February meeting. The article was clear and certainly not misleading and there is no showing that the voters did not understand the purpose for which they were called together.

The statute, section 740, spells out the language to be used in submitting the question to the voters. Nothing appears therein to indicate that the legislature intended that the various items of business would be separately restated in the warning. The language used is "Shall the *action* taken at the meeting . . . be re-adopted, ratified and confirmed."

The obvious purpose of section 740 is to permit a municipality to legalize the action taken at a prior meeting to overcome a technical non-compliance as to notice or the warning. Until this authority was delegated to and vested in a municipality by act of the legislature in 1953, it rested solely with the legislature. Such acts were competent for the legislature to pass. *Allen* v. *Archer,* 49 Me. 346. Our volumes of session laws enacted by the legislature previous to 1953 are replete with acts to legalize certain actions relating to town matters such as town meetings, grand lists and quadrennial appraisals. The enactment of section 740 eliminated the burden of passing validation acts by the legislature and made available to a municipality at its election the simple and efficient remedial procedure created by the statute and was intended to reach such a case as this.

In light of section 740 and the legislative intent by its passage, plaintiffs' claim that the meeting of February 11 was void and could not form the basis of Article II for the June 10 meeting is untenable. To so hold in this case would

nullify section 740 and render it meaningless and of no force or effect. Such a conclusion would violate our fundamental rule of interpretation of statutes which is to ascertain and give effect to the intentions of the legislature. *Noble* v. *Fleming's Estate,* 121 Vt. 57, 59, 147 A.2d 889.

In *Lawton* v. *Town of Brattleboro,* 128 Vt. 525, 266 A.2d 816, the question of ratification arose. The article relating to this question was not in the precise language provided by the statute, as it does here. However, this Court by Holden, C.J., said: "We think the corrective action taken by the town in 1969 complied with the spirit and purpose of the curative procedure afforded by section 740. To be sure, the text of the question did not follow the language suggested in the statute. But the question proposed is clear and the answer expressed in the vote is unmistakable. To demand precise compliance with the language of the statute would only frustrate and defeat the vote of the electorate. This is the evil which the Legislature sought to correct."

Given statutory authority for doing so, a town may warn a meeting for the purpose of confirming prior invalid action and if it affirmatively acts at the confirmatory meeting, the prior invalid action thereby becomes valid. *Baldwin* v. *Town of North Branford,* 32 Conn. 47, 52–54.

The warning set forth in the terms of the statute indicated the purpose or object of the meeting with such certainty as gave notice to all interested in the subject-matter of the proposed vote or action of the District and the time and place of the meeting. This was all that was necessary. *Walsh* v. *Farrington, supra.* We hold that the warning was sufficiently definite and stated enough to fairly enable each voter to judge whether he would or would not assent to the proposed action.

The reason adopted by the court as its basis for declaring the meeting of June 10, 1969 "void and without legal force and effect" cannot be sustained. Section 704 is not a limitation of section 740. Nor does it circumscribe it in the manner determined by the court. The legal requirements of both statutes have been satisfied.

*Decree reversed and decree entered declaring that the meeting of the District held on June 10, 1969 is valid and of full force and effect.*