SOUTH TIVERTON VOLUNTEER FIRE DEPARTMENT *vs.*
HUBERT COOK, *T.T.*

MANUEL CAVACA *vs.* HUBERT COOK, *T.T.*

AUGUST 30, 1956.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

ANDREWS, J.  These petitions for writs of mandamus were brought respectively by the South Tiverton Volunteer Fire Department and by Manuel Cavaca, its chief, against Hubert Cook, town treasurer of the town of Tiverton, to compel him to pay certain bills of the department out of an appropriation that had been made for it.

In the superior court the respondent moved to quash each petition.  Thereafter the trial justice filed a rescript in which he held that the approval of the bills by the town council was necessary before payment and therefore he denied the petitions.  Each petitioner has filed an appeal from such decision and the cases are here upon those appeals.

The petitions allege that at a financial town meeting there was voted the following appropriation: "Maintenance of South Tiverton Volunteer Fire Department, $5,000.00." It is further alleged that the department hired Manuel Cavaca as its chief and fixed his salary at $208.33 a month; that he immediately entered upon the performance of his duties; and that respondent has refused to pay his salary bills, although they had been approved by the department.  The respondent's position is that he cannot be required to make these payments until the bills are approved by the town council.

Apparently in the superior court it was agreed by the parties that the motions to quash should be treated as substantial demurrers and that the decision should finally dispose of the cases as a matter of law.  In the absence of objection here we shall assume that the parties still so intend and we shall treat the cases accordingly.

We are of the opinion that the motions to quash the petitions should have been denied. The respondent admits, for the purpose of the motions, that the appropriation was made under the authority of G. L. 1938, chap. 329, §33, the material parts of which read as follows:

"Any city or town may annually appropriate, in the manner provided by law for appropriations and expenditures by said city or town, a sum *to be expended and paid to any volunteer fire company* or companies or other organization or organizations created for the purpose of and engaged in the work of extinguishing fires and suppressing fire hazards within the limits of said city or town, whether said company or companies or organization or organizations be incorporated or not, to be used by said volunteer fire company or companies or organization or organizations aforesaid for equipment, property, salary or other expenses in connection with and for the work of extinguishing fires and suppressing fire hazards within the limits of said city or town. Any such volunteer fire company or organization as aforesaid may be required to present to the town or city council, whenever receiving any money or funds so appropriated, a detailed statement of its assets and liabilities and an estimate of the probable current or operating expenses for a given period and such other information as to its financial condition as said town or city council may require." (italics ours)

He also admits that the statute does not affirmatively state that the approval of the town council is a condition precedent to payment out of this appropriation. He contends, however, that unless the bills have the prior approval of the town council, he cannot tell whether that body has made a request under the second sentence of the above-quoted statute, and if it has, whether such request has been complied with. From this it appears that respondent uses the word "approval" in two senses, first as meaning authorization of payment and second as proof of compliance with such a request.

In any event it is our judgment that under the statute

compliance with such a request is not a condition precedent to payment of the funds appropriated. Certain information may be required "whenever" receiving and *not* "before" receiving the money. We are also of the opinion, after carefully examining the language of the statute, that the general assembly meant that whenever a municipality makes an appropriation under §33 it is a direct appropriation to a fire company or companies, and that the approval or authorization of the town council is not required before the payment of the appropriation to the company or companies.

While the word "expended" in the quotation from the statute which we have italicized may be somewhat ambiguous, we think it should be given one of its common meanings, "disbursed," and if so construed that part of the statute would read: "Any city or town may annually appropriate, in the manner provided by law for appropriations and expenditures by said city or town, a sum to be *disbursed* and paid to any volunteer fire company * * *." It seems to us that the subsequent language "to be used by said volunteer fire company * * * for equipment, property, salary or other expenses" supports that construction. Such language clearly means that the fire company is to decide how the money is to be spent for the various purposes authorized by the statute.

The petitioners rely on *Greenwood Volunteer Fire Co.* v. *Dearden,* 64 R. I. 368. In that case the city council of Warwick acting under said §33 made the following appropriation: "Fire Control. Aid and Support of Volunteer Fire Companies to be paid under the supervision of the City Council Fire Committee and for payment of use of water— $24,900.00." The fire committee refused to let the petitioner have its share of the appropriation until it signed an agreement that it would not use any of the money for the purchase of equipment. The petitioner refused and brought mandamus against the city auditor to compel him to submit a voucher to the city treasurer for the payment of its share

and against the treasurer to compel him to honor such voucher.

This court held that the right of supervision given in the vote to the fire committee did not authorize it to require the petitioner to make the agreement and in the course of the opinion stated at page 373: "The language of the section clearly confers a definite power upon a city or town to appropriate, and a *right* upon a volunteer fire company or volunteer fire companies to *receive,* public money *to be used for a certain specified purpose or purposes."* (italics ours) Similarly in our judgment the fire department here is entitled to receive the money so appropriated and to use it for the purposes specified in the statute.

In the *Greenwood Volunteer Fire Co.* case this court also held that the city council had the power to put the disbursement of the money under the supervision of a committee and, in effect, that such a committee could provide that the companies receive their shares of the appropriation only after filing an agreement to spend them in accordance with the statute. But at page 375 it stated that such supervision must be "essentially administrative and not of a policy-making nature."

In the instant case, assuming that the town council can do what such a committee could do, there is no evidence that it had made any such provision as indicated by the court in the *Greenwood Volunteer Fire Co.* case, *supra.* Furthermore, had the town council provided for the filing of such an agreement with the town treasurer before receiving the funds, the town treasurer would be bound to pay these bills even if the town council had disapproved them, because such disapproval of bills for a proper statutory purpose, namely, salary, would mean that the town council was "policy-making."

In the circumstances therefore the petition of the fire department stated a case for issuance of the writ of mandamus. However, since the appropriation as made at the

financial town meeting belongs to such department, the petitioner Cavaca was not entitled to the writ.

The appeal of the South Tiverton Volunteer Fire Department is sustained, the appeal of Manuel Cavaca is denied and dismissed, and the cases are remanded to the superior court with direction to enter judgment for the petitioner in the case of South Tiverton Volunteer Fire Department v. Hubert Cook, T.T., Equity No. 2506, and judgment for the respondent in the case of Manuel Cavaca v. Hubert Cook, T.T., Equity No. 2507.

*John C. Burke,* for petitioners.

*Sheffield & Harvey, Richard B. Sheffield,* for respondent.