## Concerned Voters of Londonderry, by Bartholomew Caliaro, Its President v. Clyde Prouty, Robert Blaisdell, Harlan K. West, Jr. (Selectmen of the Town of Londonderry); John Waite and Citizens for Pingree Park

[417 A.2d 927]

No. 328-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 10, 1980

*Miller, Norton & Cleary*, Rutland, for Plaintiffs.

*Kenneth V. Fisher, Jr.*, Brattleboro, for Town of Londonderry.

**Per Curiam.** This is an appeal from an order of the superior court that denied the plaintiffs a permanent injunction. The injunction would have prevented the defendants from accepting bids for the construction of a park, to be known as "Pingree Park," in the Town of Londonderry.

The facts, as found by the trial court, are substantially as follows. Prior to the 1979 annual town meeting, Londonderry voters were legally warned of a vote on whether "to approve the construction of the proposed Pingree Park with Federal, State and Local Funds and to appropriate a sum not to exceed $41,000.00, to be paid over a period of five (5) years." At the town meeting on March 6, using a ballot which stated the issue exactly as warned, the question was voted on and carried, 171 in favor and 160 opposed. On April 2, the Londonderry

selectmen received a petition, signed by more than five percent of the qualified voters of Londonderry, requesting a special town meeting "for the purpose of rescinding the [Pingree Park] vote" taken March 6. See 17 V.S.A. § 2661(b). This meeting was properly warned for May 8, "[t]o see if the Town will vote to rescind the [Pingree Park] vote taken at the March 6, 1979, Annual Town Meeting . . . ." The ballot used on May 8, however, stated the question as whether "the Town will vote to approve construction of the Proposed Pingree Park with Federal, State and Local Funds and to appropriate a sum not to exceed $41,000.00 (Forty One Thousand Dollars) to be paid over a period of 5 (five) years." This statement of the issue was followed by the words, "IF IN FAVOR OF PINGREE PARK VOTE YES," and "IF NOT IN FAVOR OF PINGREE PARK VOTE NO," with corresponding boxes to check. The May 8 vote was a tie, 334 in favor and 334 opposed, which was deemed by the selectmen to fail to rescind the March 6 vote approving the question.

The trial court concluded that the issue as framed on the May 8 ballot was substantially "in accordance with the petition," as that phrase is used in 17 V.S.A. § 2661(b). We do not agree. The petition requested a vote to rescind a prior vote. The May 8 ballot question made no mention of a prior vote, and did not speak of rescission, cancellation, voiding or any words of similar import. A commonsense reading of the May 8 ballot shows that it provides a second vote on the same question passed in the first vote of March 6, rather than a vote on rescission. This is contrary to 17 V.S.A. § 2661(c), which states that "[a] vote taken at an annual or special meeting shall remain in effect unless *rescinded* at an annual or special meeting called and warned in accordance with this section." (Emphasis added.) It is also contrary to the requirement in 17 V.S.A. § 2661(b) that the vote be "in accordance with the petition." As a consequence, the vote of May 8 was illegal and void. *Walsh* v. *Farrington*, 105 Vt. 269, 274, 165 A. 914, 914–15 (1933).

We appreciate the need to avoid confusion caused by excessive detail in the statement of a ballot question, but simplification is no virtue when it changes the question presented by the petition. See *In re Opinion of the Justices*, 271 Mass. 582, 589, 171 N.E. 294, 69 A.L.R. 388, 392 (1930). Under the

circumstances, equity and justice require a vote upon the question stated in the petition to rescind.

*Judgment reversed. The selectmen of the Town of Londonderry are hereby ordered to warn and hold a new town meeting to vote upon the question presented by the petition of April 2, 1979, warning to issue within 30 days of the date of the mandate herein. Let the mandate issue forthwith.*