**PROVIDENCE TEACHERS UNION LOCAL 958, AFT/RIFT, AFL–CIO, et al.**

v.

**PROVIDENCE SCHOOL BOARD et al.**

No. 99–51–Appeal.

Supreme Court of Rhode Island.

April 3, 2000.

Richard A. Skolnik, Providence, for plaintiff.

Richard G. Riendeau, Providence, for defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## O P I N I O N

PER CURIAM.

This appeal challenges a trial justice's refusal to order a municipality to deposit teacher contributions to the Employee Retirement System of the State of Rhode Island (system) into a segregated bank account before transmitting these contributions to the system. The plaintiffs, Providence Teachers Union Local 958, AFT/RIFT, AFL–CIO, Phyllis Tennian, Philip DiCecco and Father Nick Milas (collectively, the union) appeal from a Superior Court judgment dismissing their complaint.

· The union is the duly certified collective-bargaining representative for teachers in the City of Providence. Under a collective-bargaining agreement, the union and the defendant school board[1] agreed that the school board would pick up and pay for the teachers' contributions to the system. As members of the system, teachers contribute to it according to G.L.1956 § 16-16–22.

In 1998, the union filed a verified complaint with the Superior Court requesting, among other relief, a writ of mandamus requiring defendants to establish and maintain a segregated bank account for the deposit of gross teacher-payroll funds.

---

1. The defendants are the Providence School Board, by and through various officials who were then serving as: its chairperson (Gertrude Blakey), its superintendent of schools (Arthur Zarrella), and its director of business affairs (Mark Dunham); the city controller of Providence (Joseph Chiodo), as well as the Treasurer of the city of Providence (Stephen Napolitano).

After presenting their evidence to the court, the parties submitted memoranda and the trial justice rendered a written decision denying the union's requests for relief and dismissing the complaint. After denying the union's motion to reconsider, the court entered a final judgment.

The union is appealing only with respect to that portion of the Superior Court's judgment that denied its prayer for a writ of mandamus. This relief would have required defendant school board to create a segregated bank account for the teacher contributions to the system. The union contends that the trial justice erred in denying its request for a segregated bank-account order. It argues that defendants hold the teachers' contributions to the system in trust and therefore this money should not be commingled with the city's common or general funds—or even with its school funds—but should be maintained separately in a segregated account until they are transmitted to the system.

 A writ of mandamus should issue only when: (1) the party petitioning for such an extraordinary remedy has shown a clear legal right to obtain the relief sought by the writ; (2) the respondent(s) has a ministerial legal duty to perform the requested act without discretion to refuse; and (3) the petitioner possesses no adequate remedy at law. See Nye v. City of Warwick, 736 A.2d 82, 83 (R.I.1999).

In this case, the statute governing the method by which a city or town is required to pay the teacher-member contributions to the system reveals no clear legal right on the part of teachers to have their contributions segregated in an account that is separate from other municipal funds. Under § 16–16–22.1(b), the teacher-member contributions are to "be paid from the same source of funds used for the payment of compensation to a teacher member." Thus, far from requiring municipalities to maintain a separate bank account for teacher contributions to the system, state law mandates that the contributions shall "be paid from the same source of funds"

used to pay the teachers' compensation. *Id.* And neither this statute nor any other applicable law requires municipalities to establish a separate account for the funds they use to pay teachers' compensation.

 Moreover, contrary to the union's assertions, the teacher contributions are not "special funds." Special funds are those raised by a municipality for the payment of a particular class of claims (for example, an accident fund to pay personal injury claims) or for a particular class of expenditures (for example, funds to maintain streets). *See* 15 Eugene McQuillin, *The Law of Municipal Corporations,* § 39.45 at 155 (3d ed.1995). *See also South Tiverton Volunteer Fire Department v. Cook,* 85 R.I. 30, 125 A.2d 190 (1956). Unlike funds raised by a municipality for the payment of particular claims or expenditures, teacher contributions are not municipal funds; rather, they are deducted from teachers' salaries for municipalities to pay into the system. Under this statutory scheme, the municipality serves merely as a conduit between the teachers and the system. Its limited role is to transmit this money to the system from the same funding source that it uses to pay teachers' compensation. Further, the evidence established that teachers would not be prejudiced by a municipality's delinquent tender of such contributions to the system.

The union cites to a West Virginia case, *Dadisman v. Moore,* 181 W.Va. 779, 384 S.E.2d 816 (1988), to support its argument that defendants hold the employee contributions as trust funds. But unlike the respondents in *Dadisman,* defendants in this case are not trustees of the employee contributions. It is not their responsibility to administer or manage the funds paid to the system; rather, they serve merely as a conduit for the transmittal of such funds between the teachers and the system. Although money paid to the system under G.L.1956 § 36–8–15 should be invested and held in trust accounts, defendants are not

charged with serving as trustees for investing or holding the funds paid into these accounts. Rather, defendants are responsible only for ensuring that the funds are transmitted in a timely manner to the system from the same municipal-funding source that it uses to compensate the teachers.

In denying the relief sought by the union, the trial justice found that the defendants were not required by statute to deposit teacher-member contributions into a separate account before transmitting them to the system. The court also ruled that the collective-bargaining agreement failed to require the city to deposit these funds into a separate account before transmitting them. As the court stated:

> "[T]here is no ministerial duty on the part of the School Board to establish and maintain such an account and the moving party has not demonstrated irreparable harm by the maintenance of the current system * * *. [Therefore,] this Court will decline under the presently existing circumstances to so order."

■ We agree and thus conclude that the trial justice did not err in denying the union's request for a writ of mandamus that would have required the defendants to establish and maintain a segregated bank account for the teachers' retirement contributions. Hence, we affirm the judgment and deny the appeal.