**Mona CUSHION v. DEPARTMENT OF PATH**

**Barbara Yates v. Department of PATH**

[807 A.2d 425]

Nos. 01-240 & 01-241

July 8, 2002. In these consolidated appeals, petitioners Mona Cushion and Barbara Yates appeal from decisions of the Secretary of Human Services (Secre-

---

tary) denying their requested Medicaid coverage for partial dentures. The Secretary overturned a decision by the Human Services Board (Board) that the regulatory prohibition on coverage for partial dentures is an impermissible limitation on the amount, duration, and scope of the federal purpose in providing dental services to Medicaid patients. Because the Secretary's construction of the state's Medicaid regulations violates federal law, we reverse.

The facts as found by the Board and adopted by the Secretary are as follows. Mona Cushion is a fifty-five year-old Medicaid recipient. In July 2000, she requested coverage for a partial denture to replace her current partial denture, which is twenty years old. Her dentist stated that the current denture had worn so thin that petitioner was unable to chew with it, and she wears it infrequently to avoid breakage. As a consequence, petitioner is unable to chew and digest most food, has difficulty speaking, and her appearance and self-esteem suffer. Petitioner's dentist did not recommend a full denture, the only alternative treatment to a partial denture, because a full denture would involve extracting petitioner's remaining healthy teeth. The remaining teeth, however, would serve as good anchors for the partial denture. In addition, petitioner's physician stated that the surgery needed to remove the healthy teeth would be "very unwise and unsafe" because petitioner suffers from "barely-controlled hypertension and severe chronic obstructive lung disease."

Barbara Yates is a seventy-one year-old Medicaid recipient. In July 2000, she also requested coverage for a partial denture, for her posterior teeth. Her dentist stated that the partial denture was necessary for her to chew food. Like Ms. Cushion, however, a full denture would require the removal of several healthy teeth. Ms. Yates's dentist stated that he believed her remaining teeth were "quite healthy" and that their re-moval "would be a disaster." In addition, preserving her healthy teeth would stabilize the partial denture and give her more biting power. Her physician stated that a partial denture would relieve her difficulty eating and potentially stem the weight loss she had been experiencing.

State Medicaid regulations cover full dentures and oral surgery, but do not cover partial dentures. See Medicaid Manual § M621.3, 5 Code of Vermont Rules 13 170 008-230 (detailing covered dental services); Medicaid Manual § M621.6, 5 Code of Vermont Rules 13 170 008-231 (listing services that are not covered unless authorized by Medicaid Manual § M108). Accordingly, petitioner filed a request for an exception to the regulations pursuant to state Medicaid regulation § M108. Section M108 grants the commissioner of the Department of PATH the discretion to approve coverage for noncovered services based on extraordinary circumstances. Medicaid Manual § M108, 5 Code of Vermont Rules 13 170 008-22. Both petitioners filed a § M108 request for exception, which were denied by the commissioner of PATH. Petitioners appealed those decisions to the Board. In separate decisions, the Board reversed the commissioner's decisions, finding that the rule banning adult coverage for partial dentures while allowing coverage for full dentures was an abuse of discretion because the rule was not reasonably related to the underlying federal purpose of providing dental services. In these cases, the Board found that there was no rational reason for denying petitioners partial dentures where their medical need was as great as patients who need full dentures.

These decisions were reversed by the Secretary on the grounds that the exclusion of partial dentures was addressed by the Legislature in the Vermont Budget Act of 1998, § 128(a)(4), which specifically provided that partial dentures are not included in the benefit expansion that

included dental services. 1998, No. 147. The Secretary determined that in the face of such a clear legislative mandate, the Secretary was "constrained to reverse" the Board's determination. Petitioners appealed and their cases were consolidated in this Court.

On appeal, petitioners argue that noncoverage of partial dentures is a limitation on the amount, duration or scope of the state's Medicaid coverage that is inconsistent with the federal purpose of the service provided. They contend that any limitations on dental service must be based on medical necessity. Because of petitioners' demonstrated medical need for partial dentures, they claim that the denial of coverage fails to achieve the federal purpose of providing dental services.

This case is substantially similar to the facts we confronted in *Brisson v. Dep't of Social Welfare*, 167 Vt. 148, 702 A.2d 405 (1997). In that case, a Medicaid recipient was denied coverage for a closed-circuit television (CCTV) to aid her vision. There, the Secretary refused to provide funding for CCTV because it was not within the scope of covered vision care according to state regulations. We held that the state's refusal to provide coverage for CCTV, while covering lenses and frames, was an impermissible limitation on the amount, scope or duration of the federal purpose in providing vision service because the state failed to provide Medicaid service to those in the greatest need for it. *Id.* at 151, 702 A.2d at 408. In other words, we found that the state limitations in its vision care service were not rationally related to the federal purpose of providing vision care. *Id.* at 151-52, 702 A.2d at 408.

As we explained in *Brisson*, Medicaid is a cooperative program between federal and state governments that assists states in providing health care to people who cannot otherwise afford it. *Id.* at 150, 702 A.2d at 407. Although states are not required to participate in Medicaid, those that do are required to comply with federal statutory and regulatory requirements. *Alexander v. Choate*, 469 U.S. 287, 289 n.1 (1985). Participating states must provide certain categories of medical service, and they may offer additional optional services. 42 U.S.C. § 1396a(a)(10) (defining "medical assistance" to include both required and optional services). The states are given broad discretion in determining the extent of the medical services they offer. *Beal v. Doe*, 432 U.S. 438, 444 (1977). Once a state opts to provide an optional service, however, " 'it is bound to act in compliance with the [Medicaid] Act and the applicable regulations in the implementation of those services.' " *Brisson*, 167 Vt. at 150, 702 A.2d at 407 (quoting *Weaver v. Reagen*, 886 F.2d 194, 197 (8th Cir. 1989)). The Medicaid Act requires that state plans for assistance must "include reasonable standards . . . which are consistent with the objectives of [the Act]." 42 U.S.C. § 1396a(a)(17). Specifically, for each service that a state provides, coverage "must be sufficient in amount, duration, and scope to reasonably achieve its purpose." 42 C.F.R. § 440.230(b).

Dental services are one of the optional services that a participating Medicaid state may choose to provide. 42 U.S.C. § 1396d(a)(10). Vermont's Medicaid coverage includes those dental services outlined in state Medicaid regulation § M621. The regulations, however, specify that partial dentures are not part of Vermont's Medicaid coverage for dental services. § M621.6. In *Brisson*, we explained that in administering the Medicaid program, the state's coverage must achieve the federal purpose, not the state purpose. 167 Vt. at 151, 702 A.2d at 407 (citing *White v. Beal*, 555 F.2d 1146 (3d Cir. 1977)). Thus, the proper inquiry in this case is whether the state's provision of dental services "bears a rational relationship to the underlying federal purpose of providing the service to those in

greatest need of it." *White*, 555 F.2d at 1151. Here, the federal purpose, according to federal Medicaid regulations, includes the treatment of "[t]he teeth and associated structures of the oral cavity; and [d]isease, injury, or impairment that may affect the oral or general health of the recipient." 42 C.F.R. § 440.100(a)(1) & (2).

In this case, just as in *Brisson*, the Department's exclusion of partial dentures fails to provide service to those in greatest need. Petitioners have demonstrated a medical need for partial dentures that is at least as great as those who need full dentures. Despite the fact that petitioners have some remaining teeth, and thus do not require full dentures, the undisputed evidence is that they cannot chew food, just like someone with no teeth who would require full dentures to chew. The evidence also indicates that removal of petitioners' remaining teeth is discouraged by both dentists and physicians. In order to achieve the purpose of dental service (i.e. to treat "impairment . . . [of] the oral or general health" of petitioners), the state Medicaid regulations would subject petitioners to counterproductive, unnecessary, and potentially dangerous surgery. We hold, therefore, that the state Medicaid regulations are not rationally related to their federal purpose. See 167 Vt. at 152, 702 A.2d at 408 (Medicaid recipient's need for CCTV "at least as medically necessary as providing traditional eyeglasses"); *White*, 555 F.2d at 1151 (Pennsylvania Medicaid regulation that extends vision benefit to patients with eye pathology, but not refractive error, not reasonably related to medical need).

The Secretary's principal argument to support the prohibition on partial dentures is that limitations on coverage are constraints of fiscal reality. She contends that it is within the Department's discretion to make categorical exclusions, like partial dentures, without regard to medical necessity. The Secretary relies heavily on a Second Circuit case for the proposition that budgetary constraints alone are a sufficient justification for limitations on coverage that are contrary to recipients' medical needs. See *DeSario v. Thomas*, 139 F.3d 80, 95 (2d Cir. 1998). That decision, however, has been vacated by the United States Supreme Court, see *Slekis v. Thomas*, 525 U.S. 1098, 1098 (1999), and does not control our inquiry. It is true that states may restrict coverage as a matter of fiscal necessity. See *Alexander*, 469 U.S. at 303. Those constraints, however, must not interfere with the purpose of offering that medical service in the first instance. See 42 C.F.R. § 440.230(b). Here, the state has chosen to offer dental services. Having made this choice, the state is obligated by federal law to offer sufficient coverage to achieve the federal purpose of dental service. Those cases that have upheld fiscal limitations on coverage have done so where the limitations are not inconsistent with medical necessity. See *Alexander*, 469 U.S. at 303 (restricting coverage because of fiscal necessity permissible where consistent with recipients' best interests); *Curtis v. Taylor*, 625 F.2d 645, 653 (5th Cir. 1980) (state regulation limiting recipients to three physician office visits per month held a reasonable cost limitation where exceptions were made for emergency room visits and those with serious conditions).

The Secretary's additional justification for the regulation excluding coverage for partial dentures is that it is required by state law. The Vermont Budget Act of 1998 directed the Department to promulgate rules that would add a benefit for complete upper and lower dentures. 1998, No. 147, § 128(a)(4). That statute included the statement that "[n]either dental implants nor partial plates are included in this benefit expansion." *Id.* The Secretary contends that this language required the Department to enact § M621.6 and prevents her from authorizing coverage for partial dentures in peti-

tioners' cases. Our paramount goal in statutory construction is to give effect to the Legislature's intent. *Burlington Elec. Dep't v. Vt. Dep't of Taxes*, 154 Vt. 332, 335, 576 A.2d 450, 452 (1990). We read operative sections of a statutory scheme in context and the entire scheme in pari materia. *Galkin v. Town of Chester*, 168 Vt. 82, 87, 716 A.2d 25, 29 (1998). As discussed above, an outright prohibition on partial dentures violates federal law, because the limitation on service is not rationally related to the purpose of offering dental services. We decline, therefore, to interpret a state statute in a manner that would conflict with federal law. See *Addison County Cmty. Action v. City of Vergennes*, 152 Vt. 161, 165-66, 565 A.2d 233, 235 (1989) ("[O]ur policy is to avoid construing a statute in a manner that would render the statute ineffective, or lead to irrational consequences."). The law, however, need not be read as narrowly as the Secretary suggests, requiring a categorical denial of benefits for partial dentures. Instead, we conclude that the Legislature enacted a statute that sought to prohibit cosmetic partial dentures, rather than medically necessary partial dentures. This reading is the only one that does not violate the "amount, duration, and scope" requirements of federal law. 42 C.F.R. § 440.230(b).

*Reversed; the orders of the Human Services Board are reinstated.*