Pepperman v. Town of Middletown Springs, No. 140-2-10 Rdcv (Teachout, J., Apr. 11, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                            **CIVIL DIVISION**
**Rutland Unit**                                            **Docket No.140-2-10 Rdcv**


**WALTER L. PEPPERMAN, II,**
    **Plaintiff**

**v.**

**TOWN OF MIDDLETOWN SPRINGS, et al.,**
    **Defendants**


## DECISION
### Defendants' Motion to Dismiss
### Plaintiff's Motion for Partial Summary Judgment

This matter is before the court on a Motion to Dismiss filed on May 3, 2010, by Defendants Town of Middletown Springs, David Munyak, Christopher Larson, Fred Bradley, and Carl Haynes as well as a Motion for Partial Summary Judgment filed on May 25, 2010, by Plaintiff Walter L. Pepperman, II. Mr. Pepperman represents himself. All defendants are represented by Peter M. Bevere, Esq. Oral argument on the motions was heard on December 13, 2010.

Mr. Pepperman is a resident and taxpayer of the Town of Middletown Springs ("Town"). Defendants David Munyak, Christopher Larson, Fred Bradley, and Carl Haynes are all Selectpersons for the Town of Middletown Springs. Mr. Pepperman challenges the procedures by which the Town of Middletown Springs approves municipal funding for social service programs.

In 2008, Mr. Pepperman became concerned that the Town of Middletown Springs's procedure for such funding violated the Vermont Constitution. After Defendants directed Mr. Pepperman's attention to 24 V.S.A. § 2691, authorizing Towns to allocate aid to social service programs, he took the position that the Town was not observing the requirements of the statute. The statute provides, in part, as follows:

"At a meeting duly warned for that purpose, a Town or incorporated village may appropriate such sums of money as it deems necessary for the support of social service programs and facilities within that Town for its residents." 24 V.S.A. § 2691

Specifically, Mr. Pepperman wanted Defendants to adopt a resolution whereby the Town Selectboard would make a determination that proposed appropriations were "necessary" under the statute, and that they were for the benefit of Town residents.

In 2009, the Town adopted a "Policy Regarding Social Service Organization Funding Requests." Under this policy, all social service organizations wishing to have funding requests appear on the ballot had to submit requests to the Town no later than 40 days before Town meeting. The request had to include documentation of the services being provided and how those services would be made available to Town residents. This documentation would be made available for inspection at the Town offices.

Despite the new policy, Mr. Pepperman continued to believe the Town was not in compliance with 24 V.S.A. § 2691. He objected to the form of the 2009 Warning, which for each proposed allocation stated: "Shall the voters of Middletown Springs vote to appropriate [amount requested] to [name of requesting organization]?" Mr. Pepperman believed the Town needed to include in the Warning language stating that the voters were to decide if each allocation was 'necessary' and would 'benefit Town residents.'

After the 2009 Warning was issued, Mr. Pepperman began to negotiate with Selectboard member Robin Chestnut-Tangerman via e-mail. Mr. Pepperman articulated his position that the Town was not in compliance with 24 V.S.A. § 2691 and indicated he would file a lawsuit if the language was not changed. Mr. Pepperman offered the Town a settlement agreement whereby the Town would accept language he proposed and he would not file a lawsuit.

Mr. Pepperman and Mr. Chestnut-Tangerman continued to exchange e-mails regarding the proposed settlement. Mr. Chestnut-Tangerman indicated that the Selectboard was not happy with Mr. Pepperman's proposed language and invited Mr. Pepperman to attend a Selectboard meeting on March 12, 2009 to discuss the issue further. At the March 12, 2009 meeting, the Selectboard approved the following language for future warnings and ballots: "Shall the voters of Middletown Springs vote to appropriate [amount requested] to [name of requesting organization] for [brief description of services] to Town residents, such amount being reasonably necessary for the support thereof?"

After having approved this language in March of 2009, on January 21, 2010 the Selectboard amended its plans for purposes of the 2010 warning and ballot. The agreed-upon language was deleted in its entirety and replaced with the following: "All future Town warnings and Town meeting ballots will include a question directed to each such funding request individually." When the next warning issued on January 28, 2010, its language mirrored the language of the 2009 Warning and did not track the language approved at the March 12, 2009 Selectboard meeting.

On February 16, 2010, Mr. Pepperman filed his Complaint in this matter. Mr. Pepperman claims that the Town warning and ballot language for 2010 failed to comply with 24 V.S.A. § 2691. He also alleges that because of the failure to comply with the statute, the funding requests constitute the use of public tax money for private benefit in violation of Chapter I, Article 7 of the Vermont Constitution. He also alleges the Selectboard breached a settlement agreement with him. He seeks declaratory relief and damages.

2

**Defendants' Motion to Dismiss**

Defendants have not yet filed an Answer. Rather, they filed a Motion to Dismiss for failure to state a claim upon which relief can be granted, pursuant to V.R.C.P. 12(b)(6). In their Motion to Dismiss, Defendants argue that as a matter of law the 2009 and 2010 Warnings and Ballots complied with 24 V.S.A. § 2691. They also argued that they did not violate the "Common Benefits Clause" of the Vermont Constitution and that they never reached a settlement agreement with Mr. Pepperman. Defendants David Munyak, Christopher Larson, Fred Bradley, and Carl Haynes argue that the claims against them are barred by statute as well as absolute immunity. Finally, Defendant Town of Middletown Springs argues it is entitled to sovereign immunity.

The purpose of a Rule 12(b)(6) motion is to test the law of the claim, not the facts that might support it. *Kane v. Lamothe*, 2007 VT 91, ¶ 14, 182 Vt. 241. "Motions to dismiss for lack of a cognizable legal claim are not favored and are rarely granted." *Wentworth v. Crawford & Co.*, 174 Vt. 118, 120 (2002). "To sustain dismissal, the court must have no doubt that the alleged facts, if proven, would not entitle the plaintiff to relief under any legal theory." *Brigham v. State*, 2005 Vt. 105 ¶11, 179 Vt. 525 (mem.). In examining a V.R.C.P. 12(b)(6) motion to dismiss, the court assumes that all factual allegations in the complaint are true and accepts as true all reasonable inferences that may be derived from plaintiff's pleading. *Richards v. Town of Norwich*, 169 Vt. 44, 48-49 (1999).

*Violation of 24 V.S.A. § 2691*

Defendants first argue that the 2009 and 2010 Town Warnings and Ballots did not, as a matter of law, violate 24 V.S.A. § 2691.[1] The only reported decision addressing 24 V.S.A. § 2691 is *Addison County Community Action Group v. City of Vergennes*, 152 Vt. 161 (1989). In *Addison County*, the Vermont Supreme Court considered a challenge by the City of Vergennes to the appropriation by voters of City funds to three social service organizations on the grounds that the ballot language did not specify that the organizations would operate within the city. The Supreme Court concluded that this omission from the ballot language did not invalidate the appropriation. *Id*. at 167.

The Defendants in this case rely on language in the opinion that 24 V.S.A. § 2691 "does not require that all its details be set forth in the question put to the voters." *Id*. The Defendants argue that the Court in *Addison County* concluded that the funding request put to the voters must only "show its character and purpose" and not be misleading, *id*., and they argue that the ballot warnings in this case met that standard.

In *Addison County,* the City opposed the funding requests of the three community

---

[1] In relevant part, 24 V.S.A. § 2691 states: "At a meeting duly warned for that purpose, a Town or incorporated village may appropriate such sums of money as it deems necessary for the support of social service programs and facilities within that Town for its residents."

organizations, which went on the ballot by petition. It argued, among other things, that the ballot articles violated the statute because there was no assurance in the ballot articles that the money would be spent "within the City for City residents," *id.* at 166. The Court analyzed the three ballot articles and the statute and concluded that their terms were sufficient to show that the programs would be providing services to City residents. Even though only one of them said so explicitly, the others carried reasonable inferences that the services were for the benefit of City residents. [2] The Court also concluded that social service programs may be considered "within" a Town for the purposes of 24 V.S.A. § 2691 even if they are physically located outside the Town so long as they serve a Town's residents. 152 Vt. at 168 n. 8.

The Court noted that "it would have been preferable to state specifically in the warning that the programs and facilities would operate within the City with the funds provided." *Id.* at 167. Nonetheless, it found that the omission of such an explicit statement was not fatal because the statute should be construed in a manner that implements legislative purpose and in the "context of the entire statutory scheme, we believe that the questions put to the voters meet these requirements." *Id.* In explaining its holding on this issue, the Court wrote, "The statute does not require that all its details be set forth in the question put to the voters. It is 'sufficient that enough is stated to show its character and purpose' . . .and that the question is not misleading." *Id.* Thus, as to the statutory requirement that the ballot article state that proposed social service programs and facilities are "for" Town residents, the *Addison County* ruling suggests that there must be *some* level of information in the ballot question about the services for which the voters are asked to appropriate public funds, as well as some level of inference that the services funded by appropriated funds will benefit Town residents as opposed to others situated outside the Town.

By contrast, Middletown Springs's ballot language is sparse: "Shall the voters of Middletown Springs vote to appropriate [amount requested] to [name of requesting organization]?" The barebones language used by the Town in the 2009 and 2010 warnings and ballots does no more than name the organization for which funding is proposed. The contrast between the *Addison County* requirement that there be some showing of character and purpose and the barebones language of the Town's ballot language shows that Defendants have not met the standard for a motion to dismiss in that

---

[2] The full text of the ballot measures in Addison County was as follows:

1. Will the City vote $1,200.00 to be given to the Addison County Community Action Group, Inc., to be used to help pay part of the cost of providing emergency services (other than shelter), said sums to come from City funds?

2. Will the City vote $1,200.00 to be given to the John W. Graham Emergency Shelter Service, Inc., to be used to help pay part of the cost of providing emergency shelter to the homeless, said sum to come from City funds?

3. Will the City vote $1,000.00 to be given to the Counseling Service of Addison County, Inc., to be used to help pay part of the cost of providing mental health care to city residents, said sum to come from City funds?

4

the court cannot conclude that there is no doubt that the Plaintiff is not entitled to relief as a matter of law. Accordingly, Defendants' Motion to Dismiss is denied as to this claim. See the analysis below on Plaintiff's Motion for Partial Summary Judgment for further development of the issue.

*Immunity of Individual Defendants*

Defendants David Munyak, Christopher Larson, Fred Bradley, and Carl Haynes argue that they are immune from suit either by way of statute or absolute immunity stemming from actions taken in their capacity as selectpersons. 24 V.S.A. § 901(a) clearly states that where an action lies against a municipal officer, the action shall be brought in the name of the Town in which the officer serves. Mr. Pepperman's claims against the individual defendants, all of whom are selectpersons, arise from their role in approving the Town warning and ballot language. The claims against the individual defendants must be dismissed because they are being sued in their capacity as municipal officers.

Additionally, any claim for breaching a settlement agreement in "bad faith" against the individual defendants must be dismissed because of the individual defendants' absolute immunity for legislative acts. Again, the claim stems from the dispute over the Town warning and ballot language. Mr. Pepperman alleges that the selectpersons acted in bad faith by breaching a settled agreement when they voted to revert to the old ballot language before the 2010 Town meeting. "Those acting in a legislative, judicial or prosecutorial capacity are absolutely immune, irrespective of whether they act in good faith." *Billado v. Appel*, 165 Vt. 482, 486 (1996); see also *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998) (local legislators entitled to absolute immunity). Voting to approve ballot language is a legislative act and entitles the individual defendants to absolute immunity. All claims against defendants David Munyak, Christopher Larson, Fred Bradley, and Carl Haynes are dismissed.

*Sovereign Immunity of Town of Middletown Springs*

Defendant Town of Middletown Springs argues that sovereign immunity bars any claim for damages against it. The doctrine of sovereign immunity precludes the recovery of damages from the State unless the legislature has expressed a clear intent to waive immunity for that type of claim. See *Amy's Enterprises v. Sorrell*, 174 Vt. 623 (2002) (mem.) (sovereign immunity precludes suits again the State unless that immunity is expressly waived). Plaintiff's claim for damages against the Town may be dismissed for failure to state a claim if the facts as alleged show that immunity applies as a matter of law. See *Powers v. Office of Child Support*, 173 Vt. 390, 398 (2002) (affirming trial court's dismissal of the plaintiff's claims on sovereign immunity grounds).

The sovereign immunity of a municipality is based on the traditional distinction between governmental and proprietary functions. *Hillerby v. Town of Colchester*, 167 Vt.

270 (1997). As noted above, Mr. Pepperman's claims for damages arise from the Selectboard's reversion in 2010 to the 2009 language after allegedly reaching an agreement with Mr. Pepperman to use his proposed language. The legislative approval of language for a Town warning and ballot is a quintessential governmental function. Therefore, the Town of Middletown Springs is entitled to sovereign immunity and all claims for damages against it must be dismissed.

**Plaintiff's Motion for Partial Summary Judgment**

Mr. Pepperman moves for partial summary on his claim that the ballot articles violate the requirements of 24 V.S.A. § 2691. Normally, after a motion to dismiss is denied, as it is on this issue as set forth above, the defendant would have time to answer, followed by an opportunity for development of the facts. In this case, both sides agree that the facts are undisputed. The Town has responded fully in its memorandum and at oral argument to the legal issues, and has not requested additional time for filing an answer or for further legal process. On the contrary, the Town agrees that the facts are undisputed and has requested a ruling as a matter of law. Therefore, the court addresses this motion.

Mr. Pepperman argues that in order for a ballot article to pass muster under 24 V.S.A. § 2691, the language of the article must explicitly inform the voters that the question is whether the proposed appropriation is *necessary* for the support of the programs in question, [3] and whether the programs will *benefit Town residents.* The Town argues that under *Addison County,* the ballot article need only identify the "character and purpose" of the proposed appropriation, and not be misleading. The Town notes that information about the organization, its services, and the people it serves is available in the Town offices for the voters to read prior to voting.

As a prelude to analysis, it is worth repeating again the language of the statute and the language of the Town's ballot articles:

24 V.S.A. § 2691 states: "At a meeting duly warned for that purpose, a Town or incorporated village may appropriate such sums of money as it deems necessary for the support of social service programs and facilities within that Town for its residents."

Middletown Springs's ballot language is: "Shall the voters of Middletown Springs vote to appropriate [amount requested] to [name of requesting organization]?"

As set forth above, the holding of *Addison County*, and the Court's explanation of that holding in its opinion, relate to the issue of whether the Vergennes' ballot articles identified for voters that the proposed appropriation would be spent for City residents. 152 Vt. At 166. Thus it is pertinent to that part of Mr. Pepperman's claim that focuses on how much information must be in the ballot question to show that the program provides services to Town residents, but Mr. Pepperman's claim is actually broader than that. His

---

[3] The statute specifies the types of social service programs that qualify, but that is not an issue in this case.

claim is that the Town's ballot language is insufficient in that it fails to instruct the voters about the legal standard they must apply in voting on a proposed appropriation.

Under the statute, the Town is only authorized to appropriate public money for programs or facilities if certain criteria are met: the money must be for programs or facilities that are "for" Town residents, and the money must be deemed "necessary" for the support of the programs. In other words, voters are not authorized to vote to spend local tax money to help the victims of a natural disaster in another part of the world, nor are they authorized to vote to give money to an organization that provides residents with a service if the organization is so amply endowed that it has plenty of money to pay for those services without raising local taxes for the purpose.

In addition, the statute requires the Town to "deem" the money necessary for the programs or facilities for residents. In this statute, "Town" refers to the voters of the Town, rather than the members of the Selectboard. In other words, the statute requires the voters themselves, as a group, to do the "deeming" as part of their right and responsibility to appropriate tax funds for specific purposes.

Mr. Pepperman raises a legitimate question: if the law requires the voters to vote within the bounds of the statute, and to apply the statutorily defined legal standard in deciding whether to approve a proposed appropriation, shouldn't they be so instructed in the form of the question? Otherwise, how are voters to know that they only have the legal authority to spend money on social service programs if such programs are "for" residents and if the tax money is "necessary" to support the program? What assurance is there that these standards will be met if the voters never know that they are required to apply these standards?

Such a process would be like asking a jury to find a criminal defendant guilty or not guilty without telling the jurors that the State has the burden of proof and that the proof must be beyond a reasonable doubt and that each of several specific elements of the crime must be proved. Or, it would be like asking jurors to decide whether to award a plaintiff a judgment against a defendant for injuries resulting from a car crash without instructing the jurors that they must first find that the defendant drove negligently. Without instruction as to the applicable law, each voter would be free to apply his or her own values in complete ignorance of the requirements of the law.

This issue is different and broader than the issue raised in *Addison County,* and the Vermont Supreme Court was not asked to, and did not, address it in its opinion in the *Addison County* case, except to the limited degree of whether programs are identified as serving residents. Therefore, neither the holding nor the standard set forth in *Addison County* are entirely responsive to the primary claim in this case, nor controlling. The Town's argument that voters have access to information about programs at the Town offices or in the Town Report is also not responsive, because no matter how much information is available to the voters, if they are nowhere instructed that in casting a ballot, they have an obligation to do so according to an applicable legal standard, then there is no assurance that the votes are cast in compliance with that standard.

It cannot be assumed that in entering the voting booth at Town meeting, a citizen knows that the law only allows him or her to vote to use local tax money to support programs that need it to serve residents. Voters need to be guided to assure that they will apply that standard, and unless that guidance occurs in the form of the question on the ballot, there is very little chance that the Town vote will be in compliance with the requirements of the statute.

Applying this analysis, the questions used in the Middletown Springs warnings and ballots in both 2009 and 2010 are not in compliance with the requirements of 24 V.S.A. § 2691. See McQuillan Mun. Corp. § 40:8 (3d Ed.) (stating ballot measures must be specific and in all essential particulars in compliance with requirements of the statute). The form of the ballot questions does not call for the voters to "deem" the proposed appropriation necessary for the support of the programs at issue, nor to determine that they are for the benefit of Town residents.

While Mr. Pepperman's preferred language would comply with the statutory requirement,[4] it is not mandated by the statute. There are also no doubt other formulations that would also be in compliance with the statute.

This analysis makes clear that the ballot question must include terms that specify that the voters must deem the proposed appropriation necessary for the program and the program must serve Town residents. A remaining question raised by Mr. Pepperman in this case is how much information about the specific services needs to be included in the question so that voters can determine whether the program benefits residents.

For example, a reasonable question on the part of the Selectboard is, would it be acceptable to modify the Town's 2009/2010 form of question to read as follows: "Shall the voters of Middletown Springs vote to appropriate [amount requested] to [name of organization], such amount being reasonably necessary for the support of programs to benefit Town residents?"

On this question, *Addison County* is instructive, and a comparison of the *Addison County* standard and the 2009 and 2010 actual ballot questions support the conclusion that some questions phrased in this manner may be sufficient and others not. For example, where the name of the organization is Middletown Springs Volunteer Fire Department, further description to show that the services would benefit Town residents would appear to be unnecessary.

However, other organizations have names such as "NeighborWorks of Western Vermont," or "George D. Aiken Resource and Development Council, Inc." These names do not describe the services provided by these organizations, or to whom they are provided. The use of organizational names alone does not give any indication as to the

---

[4] Mr. Pepperman favors the following language: "Shall the voters of Middletown Springs vote to appropriate [amount requested] to [name of requesting organization] for [brief description of services] to town residents, such amount being reasonably necessary for the support thereof?"

purpose for which the funding will be used, nor any connection between that purpose and Town residents. As Mr. Pepperman points out, the language approved by the Supreme Court in *Addison County*, while silent as to whether the appropriated funds would be spent "within" the city or whether the expenditures were "necessary," did include brief descriptions of the purposes to which the organizations would put the funds, and was approved as showing "character and purpose."

Without some information as to character and purpose and whether the programs would serve Town residents, the voters of Middletown Springs cannot properly make the decision required by the statute. On the basis of the mere names of various organizations, the voters cannot "appropriate such sums of money as [they] deem[] necessary," because they have no way of measuring what the organizations will use the money for and the necessity of that use, nor whether the organization's program serves Town residents. 24 V.S.A. § 2691. Therefore, simply naming the organizations is insufficient to show "character and purpose" and runs afoul of 24 V.S.A. § 2691.

Under *Addison County,* the warning and ballot question need only include a brief description. Voters may obtain full details from information at the Town offices.

Based on the foregoing analysis, Mr. Pepperman is entitled to judgment as a matter of law on his request for a declaration that the 2009 and 2010 ballot articles are not in compliance with the requirements of 24 V.S.A. § 2691 and for declaratory relief as to the requirements of the statute. The court therefore grants Plaintiff's Motion for Partial Summary Judgment.

The declaration resulting from this judgment shall have prospective effect only, as it appears that the Selectboard acted previously in reliance on *Addison County,* which was not an unreasonable reliance as the decision was indeed pertinent, even though it did not address the broader issue of the claim in this case.

In light of the decisions regarding Plaintiff's Motion for Partial Summary Judgment and the immunity of both the individual defendants and the Town of Middletown Springs, the court need not address Mr. Pepperman's Common Benefits Clause claim or breach of a settlement agreement claim.

9

**ORDER**

The Defendants' Motion to Dismiss is *granted* as to all claims for damages against all defendants.

The Defendants' Motion to Dismiss is *denied* as to Plaintiff's violation of 24 V.S.A. § 2691 claim.

The Plaintiff's Motion for Partial Summary Judgment is *granted*.

Dated at Rutland, Vermont this 11th day of April, 2011.

_____
Hon. Mary Miles Teachout
Superior Judge